Jeffrey S. Whittington, Esq./SBN 236028
Email: jwhittington@KBRlaw.com
Miriam Gregory, Esq./SBN 281083
Email: mgregory@KBRlaw.com
KAUFMAN BORGEEST & RYAN LLP
23975 Park Sorrento, Suite 370
Calabasas, CA 91302
Telephone: (818) 880-0992
Facsimile: (818) 880-0993

Attorneys for Defendant
Liberty Insurance Underwriters, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

IRONWOOD COUNTRY CLUB,

Plaintiffs,

vs.

LIBERTY INSURANCE UNDERWRITERS, INC. and DOES 1 through 100,

Defendants.

Case No. 5:13-CV-00996-VAP (DTB)

**DEFENDANT'S EX PARTE APPLICATION TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**HEARING DATE: TBD**
**HEARING TIME: TBD**
**COURTROOM: TBD**

[DECLARATION OF JEFFREY S. WHITTINGTON IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION TO CONTINUE HEARING; [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant, Liberty Insurance Underwriters, Inc. ("Liberty") will and hereby does apply *ex parte* for an order continuing the hearing on Plaintiff Ironwood Country Club's ("Ironwood") Motion for Partial Summary Judgment ("Motion"). Liberty requests that the Court continue the hearing on the Motion (currently scheduled for January 27, 2014) to February 24, 2014, because (i) Liberty's lead counsel, Jeffrey S. Whittington, is set to appear in Arkansas state court to argue a Motion to Dismiss on January 27, 2014; the first available Monday that Liberty's counsel is available to appear is February 24, 2014, and (ii) continuing the hearing on the Motion would serve the interests of justice in that it would allow Liberty time to respond to Ironwood's Motion (which, with exhibits, is approximately 500 pages). Presently, the one-week of time allotted to respond to Ironwood's Motion for Partial Summary Judgment includes the week of a national holiday, New Years.

This relief is sought on an *ex parte* basis because Liberty's counsel learned on December 30, 2013, that Ironwood had filed its Motion setting a hearing for January 27, 2014, and a regularly noticed motion regarding a continuance could not be heard in time to provide effective relief.

On December 31, 2013, to satisfy the requirements of Rule 7.19 of the

Local Rules of the United States District Court for the Central District of California, Liberty served upon counsel for Ironwood this *Ex Parte* application by facsimile with a cover letter advising Ironwood's counsel that any opposing papers must be filed not later than 24 hours following facsimile service.

This *ex parte* application is based on this application and memorandum of points and authorities, the declaration of Jeffrey S. Whittington, all papers and pleadings on file herein, and such other evidence as the Court may receive at or before any hearing on this matter.

Dated: December 31, 2013 KAUFMAN BORGEEST & RYAN LLP

By: /s/ Jeffrey S. Whittington
Jeffrey S. Whittington, Esq.
Miriam Gregory, Esq.
Attorney for Defendant,
Liberty Insurance Underwriters, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

On December 30, 2013, Ironwood's counsel filed a Motion for Partial Summary Judgment unilaterally setting the hearing on such Motion for January 27, 2014.

### II. HEARING ON IRONWOOD'S MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE CONTINUED SO AS TO ALLOW LIBERTY'S LEAD COUNSEL TO APPEAR AND ARGUE ON BEHALF OF LIBERTY.

Upon learning that Ironwood had filed a Motion for Partial Summary Judgment ("the Motion"), Liberty's counsel realized that the January 27, 2014, hearing date unilaterally scheduled by Ironwood's counsel was the same date on which Liberty's counsel is already scheduled to appear in Arkansas state court to argue a Motion to Dismiss. This *ex parte* Application seeks a continuance of the Motion hearing date to February 24, 2014, which is the first Monday on which Liberty's counsel will be available.[1]

Ironwood's Motion seeks a ruling that Liberty owes a duty to defend Ironwood in the underlying lawsuit entitled *Cobb, et al. v. Ironwood Country Club* (the "Cobb Lawsuit"). In other words, Ironwood's Motion seeks an order on one of the central issues in the current litigation, obviating discovery

[1] Specifically, on February 3, 2014, Liberty's counsel is scheduled to appear at a pre-trial conference in the Central District of California; on February 10, 2014, Liberty's counsel is scheduled to appear in Oklahoma state court to argue a Motion to Dismiss; February 17, 2014 is President's Day, a national holiday, so no hearings can be scheduled.

on Liberty's affirmative defenses with respect to this issue (misrepresentation, rescission and/or reformation).

Given the nature of the relief sought by Ironwood, it is imperative that Jeffrey S. Whittington, Liberty's lead counsel, appear for and attend the Hearing on the Motion on behalf of Liberty. Liberty is Mr. Whittington's client. (Whittington Decl. ¶ 4) He has been Liberty's lead counsel in this litigation from the case's inception. (Whittington Decl. ¶ 4) He has made all decisions regarding litigation strategy and tactics in this case, and has the requisite knowledge of the facts and legal issues pertinent to the Motion. (Whittington Decl. ¶ 4) Thus, Liberty will be severely and unfairly prejudiced if the hearing is scheduled on a date on which Mr. Whittington is unavailable to attend. (Whittington Decl. ¶ 4)

Mr. Whittington is national counsel to a client involved in the 2011 Listeria outbreak involving dozens of wrongful death lawsuits around the country. (Whittington Decl. ¶ 3) As such, he is presently scheduled to argue a Motion to Dismiss in Arkansas state court on the day presently set for Ironwood's Motion for Partial Summary Judgment. (Whittington Decl. ¶ 3) Thereafter, on February 3, 2014, Mr. Whittington is scheduled to appear at a pre-trial conference in the Central District of California. (Whittington Decl. ¶ 3) Thereafter, on February 10, 2014, Mr. Whittington is scheduled to appear

in Oklahoma state court to argue a Motion to Dismiss pertaining to the Listeria outbreak. (Whittington Decl. ¶ 3) February 17, 2014 is President's Day, a national holiday. Thus, the first day upon which Mr. Whittington is available to appear and argue on behalf of Liberty in opposition to Ironwood's Motion for Partial Summary Judgment is on February 24, 2014. (Whittington Decl. ¶ 3)

Ironwood unilaterally set the hearing date for the Motion. Setting it for January 27, 2014, also made it so that Liberty would only have one week to prepare its Opposition to the Motion, with that week being over the week of New Year's Eve and Day, a national holiday. A simple inquiry into mutually agreeable/available dates would have avoided the need for this *Ex Parte* Application and the expenditure of judicial intervention and resources. But Ironwood made no such effort. To the contrary, on December 17, 2013, Ironwood simply advised Liberty's counsel, via email, that it believed that the parties satisfied the "meet and confer" requirement of L.R. 7-3 *back in July 2013,* and as such, intended to file the Motion. (Whittington Decl. ¶5, Ex. A). Liberty's counsel advised Ironwood that filing such a motion was premature as discovery had not yet begun and issues of fact existed with respect to the critical issue of whether Ironwood had made material misrepresentations in its application of insurance with Liberty, and consequently, whether Liberty

owed Ironwood a defense in the Cobb Lawsuit. (Whittington Decl. ¶5, Ex. B). Nevertheless, despite the foregoing, Ironwood waited nearly two (2) weeks, and then filed the Motion, without discussing mutually available dates with Liberty's counsel. (Whittington Decl. ¶5, Ex. C).

Accordingly, there is good cause for the continuance that this Application requests.

## III. CONTINUING THE HEARING ON IRONWOOD'S MOTION FOR PARTIAL SUMMARY JUDGMENT WOULD SERVE THE INTERESTS OF JUSTICE.

Continuing the hearing on the Motion would serve the interests of justice in that it would allow Liberty a full and fair opportunity to respond to Ironwood's Motion (which, with exhibits, is approximately 500 pages). The already amount of time available to respond to the Motion includes the week of a National Holiday, New Years.

As discussed above, Ironwood's Motion seeks an order on a <u>central</u> issue in the current litigation, i.e., whether Liberty owes Ironwood a defense in the Cobb Lawsuit. In its Answer, Liberty asserts as an affirmative defense that no defense is owed to Ironwood under the Policy of Insurance on the basis that Ironwood made material misrepresentations in the application for insurance and that Liberty relied upon such misrepresentations. On December 30, 2013, Liberty filed a Motion for Leave to Amend its Answer, wherein it

requests this Court's leave to clarify this affirmative defense to specifically state:

> Plaintiff made material misrepresentations and/or concealed information in its application for insurance that defendant relied upon to its detriment. Based upon these misrepresentations, concealed information and/or plaintiff's fraudulent inducement of defendant, the Policy is voidable, and/or subject to reformation or rescission.

Hearing on this Motion was set by Liberty for January 27, 2014, *after* having received Ironwood's Motion. Liberty set a hearing on this motion for this date because: (i) it was clear that Ironwood's counsel is available on this day; and (ii) Liberty was prepared to send an associate to argue the Motion should an argument be necessary.

Thus, it is clear that Ironwood's Motion attempts to circumscribe any meaningful discovery on Liberty's affirmative defenses with respect to whether Ironwood made material misrepresentations. Accordingly, continuing the Hearing on Ironwood's Motion would serve the interests of justice by allowing Liberty to fully brief the issues so that the Court would be afforded the opportunity to provide a fair and comprehensive order with respect to

same.

Thus, there is good cause for the continuance that Grant requests.

**IV. CONCLUSION**

Accordingly, good cause having been demonstrated, this Court should grant Liberty's requested relief and continue the hearing on Ironwood's Motion for Partial Summary Judgment to February 24, 2014, or in the alternative, to a mutually agreeable date.

Dated: December 31, 2013 KAUFMAN BORGEEST & RYAN LLP

By: /s/ Jeffrey S. Whittington
Jeffrey S. Whittington, Esq.
Miriam Gregory, Esq.
Attorney for Defendant,
Liberty Insurance Underwriters, Inc.

**9**

**DEFENDANT'S EX PARTE APPLICATION TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**
**CASE NAME: Ironwood v. Liberty Insurance**

I declare as follows:

I am employed in the County of Los Angeles, California. I am over the age of 18 years, and not a party to the within action; my business address is 23975 Park Sorrento, Suite 370, Calabasas, California 91302. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

On December 31, 2013, I served a true and correct copy, with all exhibits, of the following document(s) described as follows:

**DEFENDANT'S EX PARTE APPLICATION TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

[ ] On the interested parties in the within action by placing the above documents in the United States mail for Express Mail delivery at 23975 Park Sorrento, Suite 370, Calabasas, California 91302 in a sealed envelope, with Express Mail postage thereon fully prepaid; by depositing copies of the above documents in a box or other facility regularly maintained by Federal Express, with delivery fees paid by the sender's account. (Code of Civil Procedure § 1013(c).) *(Overnight Delivery Service)*

[ x] On the interested parties in the within action by faxing a true and correct copy of the above documents to the facsimile number listed below. *(Fax Service)*

[x] via service through the CM/ECF system. *(eService)*

John J. McLeod, Esq.
Paul C. Hirst, Esq.
McLEOD LAW GROUP, APC
701 B. Street, Suite 1570
San Diego, California 92101
john@mcleodlawgroup.com
pchirst@mcleodlawgroup.com

I certify under penalty of perjury under the laws of the United States of American and the State of California that the foregoing is true and correct and that this declaration was executed on December 31, 2013, at Calabasas, California.

By: /s/ Sharyn Waldrop
Signature of Declarant

By: Sharyn Waldrop
Name of Declarant