# EXHIBIT B

**From:** Jeffrey S. Whittington [mailto:jwhittington@kbrlaw.com]
**Sent:** Friday, December 20, 2013 12:37 PM
**To:** Paul Hirst
**Cc:** John McLeod; Richard A. Pretti; Miriam Gregory
**Subject:** RE: Ironwood Country Club v. Liberty Insurance

Paul,

Thank you for your email. While the grounds for Ironwood's anticipated Motion for Summary Judgment ("MSJ") have been discussed, what has not been discussed is Judge Phillips' Standing Order (Docket #5) that a party may only move for summary judgment once and that any such MSJ by Ironwood is premature. Specifically, the Standing Order states as follows:

**Motions for Summary Judgment or Partial Summary Judgment**: No party may file more than one motion pursuant to Fed. R. Civ. P. 56 regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication.

No discovery has taken place in this matter beyond the exchange of Initial Disclosures. Given the defenses that Liberty has raised, any MSJ by Ironwood is unquestionably premature. See *Rocklin Park Place Condominium Owners Assoc. v. Liberty Ins. U'wtrs, Inc.*, (E.D. Cal., Sept. 6, 2013) 2:12-cv-02247-TLN-CKD ("*Rocklin Park Place*"); *Atmel Corp. v. St. Paul* (N.D. Cal. 2006) 416 F.Supp.2d 802 ("*Atmel*"). Given the significant likelihood that Ironwood's MSJ will be deemed premature, with the result likely being that Ironwood would attempt to refile it later following the conclusion of discovery (if Ironwood still believes it is viable), filing the MSJ now appears to be necessarily violative of the Court's Standing Order.

In *Rocklin Park Place*, the plaintiff/insured sought summary judgment from the court that the defendant/insurer wrongfully refused to defend the underlying action. The insurer argued that plaintiff was not entitled to summary judgment until the insurer's rescission defense was resolved. The affirmative defense of rescission was based on its allegations that the insured failed to disclose very important facts, despite direct inquiry in the application for the policy, which is exactly the situation here between Ironwood and Liberty. The *Rocklin Park Place* court relied on *Atmel*, which stated that, "because rescission is retroactive to the time that the representation becomes false, if [the insurer] is entitled to rescission, then it never owed [the insured] a duty to defend." *Atmel, supra*.

The *Rocklin Park Place* Court held that it could only find that, "because [the insurer's] rescission defense could potentially void the policy, this is not the proper juncture for summary adjudication of this issue….The court cannot, however, make any determination that Defendant breached the contract by failing to defend the [underlying] action if the [Policy] is potentially void." *Rocklin Park Place, supra*.

Based on the foregoing, I think it's clear that any such MSJ is premature at this juncture.

Thank you Paul. Best regards,

Jeffrey S. Whittington | **KAUFMAN BORGEEST & RYAN LLP**
23975 Park Sorrento, Suite 370 | Calabasas, CA 91302
direct: 818.961.8006 | fax: 818.880.0993
vcard | email | website