# EXHIBIT C

**From:** Paul Hirst [mailto:pchirst@mcleodlawgroup.com]
**Sent:** Monday, December 23, 2013 11:32 AM
**To:** Jeffrey S. Whittington
**Cc:** John McLeod; Richard A. Pretti; Miriam Gregory
**Subject:** RE: Ironwood Country Club v. Liberty Insurance

Jeff,

We respectfully disagree with Liberty's contention that Ironwood's motion for summary adjudication is premature. Indeed, California law is directly to the contrary. (See, e.g., *Haskel, Inc. v. Superior Court* (1995) 33 Cal.App.4th 963.) For all the reasons previously discussed, neither Ironwood nor Liberty need to conduct any discovery on the three discrete issues that will be the subject of Ironwood's motion. And since Liberty's answer in this action does not include rescission as an affirmative defense, the cases cited in support of your email below are inapplicable. Indeed, after receiving your email below, we received a second email from you, which attached a letter requesting <u>for the very first time</u> that Ironwood stipulate to Liberty amending its answer to add rescission as an affirmative defense. We will respond to this request under separate cover. Needless to say, though, the timing of the request seems dubious at best.

Accordingly, please be advised that Ironwood intends to move forward with its motion for summary adjudication without further delay.

Paul C. Hirst, Esq.
McLEOD LAW GROUP, APC
701 B Street, Suite 1570
San Diego, California 92101
(619) 236-9938, Ext. 104 (telephone)
(619) 236-9943 (facsimile)
www.mcleodlawgroup.com