Jeffrey S. Whittington, Esq./SBN 236028
Email: jwhittington@KBRlaw.com
Miriam Gregory, Esq./SBN 281083
Email: mgregory@KBRlaw.com
KAUFMAN BORGEEST & RYAN LLP
23975 Park Sorrento, Suite 370
Calabasas, CA 91302
Telephone: (818) 880-0992
Facsimile: (818) 880-0993

Attorneys for Defendant Liberty
Insurance Underwriters, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| IRONWOOD COUNTRY CLUB,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>LIBERTY INSURANCE<br>UNDERWRITERS, INC. and DOES 1<br>through 100,<br><br>　　　　Defendants. | Case No. 13-00996-VAP (DTBx)<br><br>**DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW defendant, LIBERTY INSURANCE UNDERWRITERS, INC. (hereinafter "defendant"), and answers plaintiff's complaint (hereinafter "complaint") on file herein as follows:

---

Printed on Recycled Paper
2468901

## PARTIES

1.      Answering paragraph 1, defendant admits the allegations thereof.

2.      Answering paragraph 2, defendant admits that it is domiciled in the State of Illinois and is authorized to do business in the State of California. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph with respect to plaintiff's knowledge regarding defendant's business operation, and on that basis denies the remainder of the allegations contained therein, generally and specifically.

3.      Answering paragraph 3, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein, generally and specifically, and each and every part thereof. Defendant further contends that to the extent paragraph 3 constitutes questions of law and/or fact for this court, defendant is not required to admit or deny the same.

4.      Answering paragraph 4, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein, generally and specifically, and each and every part thereof.

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

1  Defendant further contends that to the extent paragraph 4 constitutes questions

2  of law and/or fact for this court, defendant is not required to admit or deny the

3  same.

4       5.    Answering paragraph 5, defendant is without knowledge or

5  information sufficient to form a belief as to the truth of the allegations

6  contained in said paragraph, and on that basis denies each and every allegation

7  contained therein, generally and specifically, and each and every part thereof.

8  Defendant further contends that to the extent paragraph 5 constitutes questions

9  of law and/or fact for this court, defendant is not required to admit or deny the

10  same.

11       6.    Answering paragraph 6, defendant contends that to the extent

12  paragraph 6 constitutes questions of law and/or fact for this court, defendant is

13  not required to admit or denies the same.  Defendant further contends that to

14  the extent paragraph 6 does not constitute an allegation, defendant is not

15  required to admit or deny the same.

16       7.    Answering paragraph 7, defendant contends that to the extent

17  paragraph 7 constitutes questions of law and/or fact for this court, defendant is

18  not required to admit or deny the same.

19       8.    Answering paragraph 8, defendants are without knowledge or

20  information sufficient to form a belief as to the truth of the allegations

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

1  contained in said paragraph, and on that basis denies each and every allegation

2  contained therein, generally and specifically, and each and every part thereof.

3  Defendant further contends that to the extent paragraph 8 constitutes questions

4  of law and/or fact for this court, defendant is not required to admit or deny the

5  same.

6       9.     Answering paragraph 9, defendant contends that to the extent

7  paragraph 9 constitutes questions of law and/or fact for this court, defendant is

8  not required to admit or deny the same.

9  ## THE LIBERTY POLICY

10       10.    Answering paragraph 10, defendant admits that it issued a

11  Nonprofit Executive Advantage Policy to Ironwood Country Club, Policy no.

12  DOCH216747-211, with a policy period of October 1, 2011 to October 1,

13  2012. Defendant denies that the document attached as Exhibit A is a complete

14  copy of the Policy.

15       11.    Answering paragraph 11, defendant admits that section 1 of the

16  Policy contains the quoted language. Defendant denies the remainder of the

17  allegations as they disregard the other provisions of the Policy. Defendant

18  further contends that to the extent paragraph 11 constitutes questions of law

19  and/or fact for this court, defendant is not required to admit or deny the same.

20       12.    Answering paragraph 12, defendant admits that section 2.1 of the

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

Policy contains the quoted language.  Defendant denies the remainder of the allegations as they disregard other provisions of the Policy.  Defendant further contends that to the extent paragraph 12 constitutes questions of law and/or fact for this court, defendant is not required to admit or deny the same.

13.    Answering paragraph 12, defendant admits that section 23.14 as modified by Endorsement No. 1 of the Policy contains the quoted language. Defendant denies the remainder of the allegations as they disregard other provisions of the Policy.   Defendant further contends that to the extent paragraph 13 constitutes questions of law and/or fact for this court, defendant is not required to admit or deny the same.

14.    Answering paragraph 14, defendant admits that section 23.3 of the Policy contains the quoted language.  Defendant denies the remainder of the allegations as they disregard other provisions of the Policy.  Defendant further contends that to the extent paragraph 14 constitutes questions of law and/or fact for this court, defendant is not required to admit or deny the same.

15.    Answering paragraph 15, defendant admits that section 23.4 of the Policy contains the quoted language.  Defendant denies the remainder of the allegations as they disregard other provisions of the Policy.  Defendant further contends that to the extent paragraph 15 constitutes questions of law and/or fact for this court, defendant is not required to admit or deny the same.

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

16.     Answering paragraph 16, defendant admits that section 23.22 of the Policy contains the quoted language.  Defendant denies the remainder of the allegations as they disregard other provisions of the Policy.  Defendant further contends that to the extent paragraph 16 constitutes questions of law and/or fact for this court, defendant is not required to admit or deny the same.

17.     Answering paragraph 17, defendant admits that section 23.11 of the Policy contains the quoted language.  Defendant denies the remainder of the allegations as they disregard other provisions of the Policy.  Defendant further contends that to the extent paragraph 17 constitutes questions of law and/or fact for this court, defendant is not required to admit or deny the same.

18.     Answering paragraph 18, defendant admits the allegations thereof.

19.     Answering paragraph 19, defendant admits that section 10 as modified by Endorsement No. 1 of the Policy contains the quoted language. Defendant denies the remainder of the allegations as they disregard other provisions of the Policy.  Defendant further contends that to the extent paragraph 19 constitutes questions of law and/or fact for this court, defendant is not required to admit or deny the same.

20.     Answering paragraph 20, defendant admits that Item IV of the Declarations contains the quoted language.  Defendants is without knowledge

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

1   or information sufficient to form a belief as to the truth of the remainder of the

2   allegations contained in said paragraph, and on that basis denies the remainder

3   of the allegations contained therein, general and specifically.   Defendant

4   further contends that to the extent paragraph 20 constitutes questions of law

5   and/or fact for this court, defendant is not required to admit or deny the same.

6   **THE UNDERLYING CLAIM AND LAWSUIT**

7        21.   Answering paragraph 21, defendant admits that William S. Coob,

8   Jr. issued a letter to Bob Manion, Board President of Ironwood, dated May 7,

9   2012, which was reported to Defendant as "notice only" on May 16, 2012.

10       22.   Answering paragraph 22, defendant admits the allegations

11  thereof.

12       23.   Answering paragraph 23, defendant admits that the Cobb lawsuit

13  contains the quoted language.   Defendant further contends that to the extent

14  the remainder of paragraph 23 constitutes questions of law and/or fact for this

15  court, defendant is not required to admit or deny the same.

16       24.   Answering paragraph 24, defendant contends that to the extent

17  paragraph 24 constitutes questions of law and/or fact for this court, defendant

18  is not required to admit or deny the same.

19       25.   Answering paragraph 25, defendant admits that Ironwood

20  tendered to the Cobb lawsuit to defendant.   Defendant further contends that to

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

1   the extent the remainder of paragraph 25 constitutes questions of law and/or

2   fact for this court, defendant is not required to admit or deny the same.

3       26.    Answering paragraph 26, defendant admits that the quoted

4   language is contained in defendant's correspondence to plaintiff dated

5   October 25, 2012.  Defendant denies the remainder of the allegations as they

6   disregard the remainder of the October 25, 2012.  Defendant further contends

7   that to the extent paragraph 26 constitutes questions of law and/or fact for this

8   court, defendant is not required to admit or deny the same.

9       27.    Answering paragraph 27, defendant is without knowledge or

10   information sufficient to form a belief as to the truth of the allegations

11   contained in said paragraph, and on that basis denies each and every allegation

12   contained therein, generally and specifically, and each and every part thereof.

13   Defendant further contends that to the extent paragraph 27 constitutes

14   questions of law and/or fact for this court, defendant is not required to admit

15   or deny the same.

16       28.    Answering paragraph 28, defendant denies that the submission of

17   pre-tender invoices was inadvertent and that the contents of the pre-tender

18   invoices were and are protected by the attorney-client privilege and the

19   attorney work product doctrine.  Defendant admits plaintiff has requested that

20   the invoices be returned and that defendant has not returned the invoices.

---

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

1      29.     Answering paragraph 29, defendant admits that it has not paid

2  defense fees and costs incurred in the Cobb lawsuit.

3      30.     Answering paragraph 30, defendant admits that it issued a denial

4  of coverage on February 26, 2013, which was reaffirmed in correspondence

5  dated March 13, 2013.

6      31.     Answering paragraph 31, defendant is without knowledge or

7  information sufficient to form a belief as to the truth of the allegations

8  contained in said paragraph, and on that basis denies each and every allegation

9  contained therein, generally and specifically, and each and every part thereof.

10 Defendant further contends that to the extent paragraph 31 constitutes

11 questions of law and/or fact for this court, defendant is not required to admit

12 or deny the same.

13     32.     Answering paragraph 32, defendant is without knowledge or

14 information sufficient to form a belief as to the truth of the allegations

15 contained in said paragraph, and on that basis denies each and every allegation

16 contained therein, generally and specifically, and each and every part thereof.

17 Defendant further contends that to the extent paragraph 32 constitutes

18 questions of law and/or fact for this court, defendant is not required to admit

19 or deny the same.

20

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

33. Answering paragraph 33, defendant contends that paragraph 33 constitutes questions of law and/or fact for this court, defendant is not required to admit or deny the same.

## FIRST CAUSE OF ACTIONS

For Declaratory Relief

(Against the Carriers)

34. Answering paragraph 34, defendant contends that paragraph 34 constitutes questions of law and/or fact for this court, defendant is not required to admit or deny the same.

35. Answering paragraph 35, defendant denies that defendant failed to investigate or adjust the claim submitted by plaintiff. Defendant denies that the Cobb lawsuit is covered under the Policy. Defendant further contends that to the extent paragraph 35 constitutes questions of law and/or fact for this court, defendant is not required to admit or deny the same.

36. Answering paragraph 36, defendant denies that the Cobb lawsuit is covered under the Policy. Defendant further contends that to the extent paragraph 36 constitutes questions of law and/or fact for this court, defendant is not required to admit or deny the same.

37. Answering paragraph 37, defendant admits that the Cobb lawsuit was timely submitted to defendant. Defendant further contends that to the

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

1   extent paragraph 37 constitutes questions of law and/or fact for this court,

2   defendant is not required to admit or deny the same.

3        38.    Answering paragraph 38, defendant contends that paragraph 38

4   constitutes questions of law and/or fact for this court, defendant is not

5   required to admit or deny the same.

6        39.    Answering paragraph 39, defendant contends that paragraph 39

7   constitutes questions of law and/or fact for this court, defendant is not

8   required to admit or deny the same.

9        40.    Answering paragraph 40, defendant denies that defendant failed

10  to perform a diligent, timely, adequate and thorough coverage investigation

11  with respect to the Cobb lawsuit.  Defendant denies that the Cobb lawsuit is

12  covered under the Policy.  Defendant further contends that to the extent

13  paragraph 40 constitutes questions of law and/or fact for this court, defendant

14  is not required to admit or deny the same.

15       41.    Answering paragraph 41, defendant denies that the submission of

16  pre-tender invoices was inadvertent and that the contents of the pre-tender

17  invoices were and are protected by the attorney-client privilege and the

18  attorney work product doctrine.  Defendant further denies that the invoices

19  cannot form a basis for the denial of coverage.  Defendant further contends

20  that to the extent paragraph 41 constitutes questions of law and/or fact for this

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

1    court, defendant is not required to admit or deny the same.

2        42.    Answering paragraph 42, defendant admits plaintiff has

3    requested that the invoices be returned and that defendant has not returned the

4    invoices. Defendant further denies that the submission of pre-tender invoices

5    was inadvertent and that the contents of the pre-tender invoices were and are

6    protected by the attorney-client privilege and the attorney work product

7    doctrine.

8        43.    Answering paragraph 43, defendant contends that paragraph 39

9    constitutes questions of law and/or fact for this court, defendant is not

10   required to admit or deny the same.

11              **SECOND CAUSE OF ACTIONS**

12           Breach of Written Contract – Failure to Defend

13                  (Against the Carriers)

14       44.    Answering paragraph 44, defendant contends that paragraph 34

15   constitutes questions of law and/or fact for this court, defendant is not

16   required to admit or deny the same.

17       45.    Answering paragraph 45, defendant admits that it has a duty to

18   investigate claims submitted for coverage. Defendant denies that the Cobb

19   lawsuit is covered under the Policy.

20

---

12

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

1    46.    Answering paragraph 46, defendant denies that the Cobb lawsuit
2    is covered under the Policy.

3    47.    Answering paragraph 47, defendant admits that the Cobb lawsuit
4    was tendered to defendant and that defendant denied coverage for the Cobb
5    lawsuit.

6    48.    Answering paragraph 48, defendant contends that paragraph 48
7    constitutes questions of law and/or fact for this court, defendant is not
8    required to admit or deny the same.

9    49.    Answering paragraph 49, defendant denies that the Cobb lawsuit
10   was covered or potentially covered under the Policy and that defendant is in
11   breach of the Policy.   Defendant admits that it has refused to pay and/or
12   reimburse plaintiff for the fees and costs incurred in defense of the Cobb
13   lawsuit.    Defendant further contends that to the extent paragraph 49
14   constitutes questions of law and/or fact for this court, defendant is not
15   required to admit or deny the same.

16   50.    Answering paragraph 50, defendant denies that defendant failed
17   to perform a diligent, timely, adequate and thorough coverage investigation
18   with respect to the Cobb lawsuit.  Defendant denies that it failed to properly
19   respond to plaintiff's requests for defense and/or coverage.  Defendant further
20   contends that to the extent paragraph 50 constitutes questions of law and/or

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

1    fact for this court, defendant is not required to admit or deny the same.

2          51.    Answering paragraph 51, defendant denies that defendant failed

3    to perform a diligent, timely, adequate and thorough coverage investigation

4    with respect to the Cobb lawsuit.  Defendant denies that it failed to properly

5    respond to plaintiff's requests for defense and/or coverage.  Defendant denies

6    that it breached the Policy.  Defendant further contends that to the extent

7    paragraph 51 constitutes questions of law and/or fact for this court, defendant

8    is not required to admit or deny the same.

9          52.    Answering paragraph 52, defendant denies that denies that it

10    breached the Policy.  Defendant further contends that to the extent paragraph

11    52 constitutes questions of law and/or fact for this court, defendant is not

12    required to admit or deny the same.

13          53.    Answering paragraph 53, defendant contends that paragraph 53

14    constitutes questions of law and/or fact for this court, defendant is not

15    required to admit or deny the same.

16    **THIRD CAUSE OF ACTIONS**

17    For Breach of the Implied Covenant of Good Faith and Fair Dealing

18    (Against the CARRIERS)

19          54.    Answering paragraph 54, defendant contends that paragraph 34

20    constitutes questions of law and/or fact for this court, defendant is not

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

1    required to admit or deny the same.

2    55.    Answering paragraph 55, defendant contends that paragraph 35

3    constitutes questions of law and/or fact for this court, defendant is not

4    required to admit or deny the same.

5    56.    Answering paragraph 56, defendant contends that paragraph 56

6    constitutes questions of law and/or fact for this court, defendant is not

7    required to admit or deny the same.

8    57.    Answering paragraph 57, defendant denies the allegations

9    contained therein.  Defendant further contends that paragraph 57 constitutes

10   questions of law and/or fact for this court, defendant is not required to admit

11   or deny the same.

12   58.    Answering paragraph 58, defendant denies the allegations

13   contained therein.  Defendant further contends that paragraph 58 constitutes

14   questions of law and/or fact for this court, defendant is not required to admit

15   or deny the same.

16   59.    Answering paragraph 59, defendant denies that it engaged in any

17   wrongful conduct.  Defendant further contends that paragraph 58 constitutes

18   questions of law and/or fact for this court, defendant is not required to admit

19   or deny the same.

20

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

60. Answering paragraph 60, defendant denies the allegations contained therein. Defendant further contends that paragraph 60 constitutes questions of law and/or fact for this court, defendant is not required to admit or deny the same.

61. Answering paragraph 61, defendant denies the allegations contained therein. Defendant further contends that paragraph 61 constitutes questions of law and/or fact for this court, defendant is not required to admit or deny the same.

62. Answering paragraph 62, defendant denies the allegations contained therein. Defendant further contends that paragraph 62 constitutes questions of law and/or fact for this court, defendant is not required to admit or deny the same.

## **PRAYER FOR RELIEF**

63. Defendants denies that plaintiffs are entitled to any relief whatsoever under any cause of action against defendant and on that basis denies the prayer for relief including, but not limited to, paragraph 1 though 10.

## **AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

64. Defendants set forth its separate and distinct defenses to apprise plaintiffs of certain potentially applicable defenses to any and all claims.

Printed on Recycled Paper
2468901

Defendants reserve the right to add or remove any affirmative defenses to plaintiffs' complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

65. Plaintiff's claims should be dismissed because plaintiff has failed to perform all of the obligations of the Insured under the insurance policy or policies, and the terms and conditions precedent to coverage expressed therein, and/or to fully comply with insurance policy or policies, including but not limited to the Insured's obligations as to notice, assistance, consent and cooperation.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

66. Plaintiff's complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

67. Plaintiff is equitably estopped from obtaining coverage, claiming any right for damages or any relief against defendants based on plaintiff's own conduct which defendant relied on to its detriment.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

68. All claims made by plaintiff are barred in whole or in part by the applicable statute of limitations.

Printed on Recycled Paper
2468901

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

69.   All claims made by plaintiff are barred in whole or in part by the equitable doctrine of laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

70.   All claims made by plaintiff are barred in whole or in part by the equitable doctrine of unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

71.   By its acts and omissions, plaintiff has waived any and all rights at issue in the complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

72.   All claims in whole or in part, are barred by the doctrine of res judicata.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

73.   Plaintiff's conduct materially increased defendant's risk in violation of the terms, conditions, limitations and exclusions in the insurance policy and/or policies.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

74.   Plaintiff made material misrepresentations and/or concealed information in its application for insurance that defendant relied upon to its detriment.   Based upon these misrepresentations, concealed information

Printed on Recycled Paper
2468901

1  and/or plaintiff's fraudulent inducement of defendant, the Policy is voidable,

2  and/or subject to reformation or rescission.

3          **AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

4       75.    The plaintiff's claims are barred, in whole or in part, by the

5  applicable limits of liability, endorsements and other terms, conditions,

6  limitations and exclusions in the policy including, but not limited to, the

7  following:

8        a.  The insuring agreements contained in the policy were not

9            triggered;

10        b.  Plaintiffs had prior knowledge of an act or omission that might

11            reasonably be expected to be the basis of the subject claim;

12        c.  Claim was first made prior to the inception of the Policy;

13        d.  Exclusion 4.3, precludes coverage under the Policy;

14        e.  Exclusion 4.9, precludes coverage under the Policy;

15        f.  Exclusion 5.2, precludes coverage under the Policy;

16        g.  Sections 6.1 and 6.2, precludes coverage under the policy; and

17        h.  The damages sought in the cross-complaint are not covered under

18            the policy.

19  ///

20  ///

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

76.    In the event that liability is entered against defendant, defendant is entitled to set off for any uncovered claims.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

77.    Defendant reserves the right to plead additional affirmative defenses which may arise upon receiving additional information regarding the matters alleged in the complaint, through discovery or otherwise.

**WHEREFORE**, defendants respectfully request that this Court enter judgment as follows:

1.    Dismissing plaintiffs' complaint;

2.    Granting to the defendants all costs, expenses, and disbursements resulting from this litigation, including attorneys' fees; and

1.    Awarding such other and further relief as this Court deems just, necessary, and proper.

Respectfully submitted,

Dated:  January 16, 2014          KAUFMAN BORGEEST & RYAN LLP


By:    _____/s/ Jeffrey S. Whittington_____

Jeffrey S. Whittington, Esq.
Miriam Gregory, Esq.
Attorneys for Defendant
Liberty Insurance Underwriters, Inc.

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

1

## DEMAND FOR JURY TRIAL

2        Defendant reserves the right to a trial by jury.

3

4                              Respectfully submitted,

5    Dated: January 16, 2014        KAUFMAN BORGEEST & RYAN LLP

6

7                      By:        /s/Jeffrey S. Whittington

8                              Jeffrey S. Whittington, Esq.
                               Miriam Gregory, Esq.
9                              Attorneys for Defendant
                               Liberty Insurance Underwriters, Inc.

10

11

12

13

14

15

16

17

18

19

20

---

21
DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

I declare as follows:

    I am employed in the County of Los Angeles, California.  I am over the age of 18 years, and not a party to the within action; my business address is 23975 Park Sorrento, Suite 370, Calabasas, California 91302.  I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

    On January 16, 2014, I served a true and correct copy, with all exhibits, of the following document(s) described as follows:

**DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

[x]    On the party or parties named below, by following ordinary business practice, placing a true  copy thereof enclosed in a sealed envelope, for collection and mailing with a United States  Postal Service, where it would be deposited for first class delivery, postage fully prepaid, in Calabasas, CA the United States Postal Service, that same day in the ordinary course of business, addressed as set forth below. *(Regular Office Deposit)*

[x]    via service through the CM/ECF system. *(eService)*

John J. McLeod
McLEOD LAW GROUP
701 B Street, Suite 1570
San Diego, California 92101
Attorneys for Plaintiff Ironwood Country Club

    I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on January 16, 2014, at Calabasas, California.

By: _____
    Signature of Declarant

By:    Jesica Isaac_____
    Name of Declarant

DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT

Printed on Recycled Paper
2468901