Jeffrey S. Whittington, Esq./SBN 236028
Email: jwhittington@KBRlaw.com
Miriam Gregory, Esq./SBN 281083
Email: mgregory@KBRlaw.com
KAUFMAN BORGEEST & RYAN LLP
23975 Park Sorrento, Suite 370
Calabasas, CA 91302
Telephone: (818) 880-0992
Facsimile: (818) 880-0993

Attorneys for Defendant
Liberty Insurance Underwriters, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| IRONWOOD COUNTRY CLUB,<br><br>   Plaintiffs,<br><br> vs.<br><br>LIBERTY INSURANCE UNDERWRITERS, INC. and DOES 1 through 100,<br><br>   Defendants. | Case No. 5:13-CV-00996-VAP (DTB)<br><br>**DEFENDANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT AND STATEMENT OF UNDISPUTED ADDITIONAL MATERIAL FACTS IN SUPPORT OF OPPOSITION**<br><br>**HEARING DATE:**  **February 24, 2014**<br>**HEARING TIME:**  **2:00 p.m.**<br>**COURTROOM:**   **2**<br><br>Discovery Cut-Off:<br>Pre-Trial Conference:<br>Trial Date:<br><br>FILED CONCURRENTLY WITH:<br>1. Defendant's Points and Authorities in Opposition to Plaintiff's Motion for Partial Summary Judgment<br>2. Evidentiary Objections to Plaintiff's Motion for Partial Summary Judgment<br>3. Declaration of Jeffrey S. Whittington;<br>4. Declaration of Seon Choi<br>5. [Proposed] Order |

1      Defendant, Liberty Insurance Underwriters, Inc. ("Liberty") respectfully

2  submits this Statement of Genuine Issues pursuant to Central District Local Rule 56-2

3  in support of Liberty's Opposition to the Motion for Partial Summary Judgment filed

4  by Plaintiff, Ironwood Country Club ("Ironwood"). Facts 1 through 73 below

5  correspond to the facts and supporting evidence presented in the Statement of

6  Undisputed Facts ("SUF") filed by the moving party. These facts are followed by

7  additional material facts and supporting evidence showing genuine issues of fact.

| PL.'S "SUF" NO. | FACT | SUPPORTING EVIDENCE | LIBERTY'S RESPONSE |
|---|---|---|---|
| 1 | In July 2011, Ironwood's GM/COO, Joshua Tanner ("Tanner"), began working with Ironwood's insurance broker, Alan Lux ("Lux"), to purchase a policy providing Directors & Officers Liability coverage for the policy period of October 1, 2011 to October 1, 2012. | Decl. Joshua Tanner ¶¶ 3-4; Decl. Alan Lux ¶¶ 4-5. | For purposes of Liberty's Opposition ("Opposition") to Ironwood's Motion for Partial Summary Judgment ("M/PSJ") only, the statement is undisputed. |
| 2 | On or about October 5, 2011, Ironwood submitted to Liberty an "Application for Nonprofit Executive Advantage Policy" ("Liberty Application"). | Decl. Joshua Tanner ¶ 5, Ex. 1; Decl. Alan Lux ¶ 7. | Liberty agrees that Ironwood Submitted an "Application for Non-Profit Executive Advantage Policy." Disputed, however, with respect to whether Ironwood submitted a response to Question 14 in the Liberty Application. *See* Liberty's Separate Statement of Undisputed Facts, #1. |

**DEFENDANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNDISPUTED ADDITIONAL MATERIAL FACTS IN**

2451618

| | | | | |
|---|---|---|---|---|
| 3 | Liberty thereafter issued a "Nonprofit Executive Advantage Policy" to Ironwood, policy number DOCH216747-211, for the policy period of October 1, 2011 to October 1, 2012 ("Policy"). | Decl. Joshua Tanner ¶ 7, Ex. 2; Decl. Alan Lux ¶ 9, Ex. 1. | Undisputed. |
| 4 | In 1999, Ironwood's club members approved an assessment of $25,500 per member ("Assessment"). | Decl. Robert C. Manion ¶ 3; Decl. Joshua Tanner ¶ 8. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 5 | The Assessment was to be repaid to a member when they subsequently sold their membership. | Decl. Robert C. Manion ¶ 4; Decl. Joshua Tanner ¶ 8. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 6 | Members sold their memberships by placing them on a resale list. | Decl. Robert C. Manion ¶ 4; Decl. Joshua Tanner ¶ 8. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 7 | In addition to members selling their memberships, some members had forfeited their membership to the club rather than have it sold to an incoming member. | Decl. of Robert C. Manion ¶ 4; Decl. of Joshua Tanner ¶ 8. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 8 | The forfeited memberships became club property. | Decl. of Robert C. Manion ¶ 4; Decl. of Joshua Tanner ¶ 8. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties |

| | | | |
|---|---|---|---|
| | | | have not conducted discovery other than their Rule 26(a) exchange. |
| 9 | The forfeited memberships that became club property were called Treasury memberships. | Decl. of Robert C. Manion ¶ 4; Decl. Joshua Tanner ¶ 8. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 10 | For several years prior to 2010, Ironwood had a business practice of selling these Treasury memberships to incoming new members. | Decl. of Robert C. Manion ¶ 4; Decl. of Joshua Tanner ¶ 8. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 11 | Ironwood would then repay the Assessment to the forfeiting member when the Treasury sale occurred, which was usually years after the member forfeited it. | Decl. of Robert C. Manion ¶ 4; Decl. of Joshua Tanner ¶ 8. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 12 | For several years prior to 2010, Ironwood's Boards had been intermittently discussing the nature and terms of this business practice. | Decl. of Robert C. Manion ¶ 4; Decl. of Joshua Tanner ¶ 8. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 13 | In 2010, the Board was discussing the nature and terms of Ironwood's business practice of repaying the Assessment to a forfeiting member when the Treasury membership was sold. | Decl. of Robert C. Manion ¶ 4; Decl. of Joshua Tanner ¶ 8. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |

| 14 | In discussing whether or not to cease repaying the Assessment to forfeiting members, the Board consulted with many individuals, including Ironwood's counsel, Bryan Gerstel. | Decl. of Robert C. Manion ¶ 5; Decl. of Joshua Tanner ¶ 9. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 15 | Prior to January 2012, the matter of changing Ironwood's business practice of repaying the Assessment to forfeiting members was never presented to the Board for a vote. | Decl. of Robert C. Manion ¶ 5; Decl. of Joshua Tanner ¶ 9. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 16 | Prior to January 2012, Ironwood was not aware of any fact or circumstance that might give rise to a claim against Ironwood as a result of the Board considering making a change to Ironwood's practice of repaying the Assessment to forfeiting members. | Decl. Robert C. Manion ¶¶ 5 and 8-9; Decl. Joshua Tanner ¶¶ 9 and 12-13. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 17 | Prior to January 2012, the Board was not aware of any fact or circumstance that might give rise to a claim against the Board as a result of the Board considering making a change to Ironwood's practice of repaying the Assessment to forfeiting members. | Decl. of Robert C. Manion ¶¶ 5 and 8-9; Decl. Joshua Tanner ¶¶ 9 and 12-13. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |

**DEFENDANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARYJUDGMENT AND STATEMENT OF UNDISPUTED ADDITIONAL MATERIAL FACTS IN**
2451618

| 18 | On January 19, 2012, during a regularly scheduled board meeting, the Board for the first time voted on whether to cease Ironwood's business practice of repaying the Assessment to forfeiting members. | Decl. of Robert C. Manion ¶ 6; Decl. of Joshua Tanner ¶ 10. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. The evidence cited by Ironwood does not support the fact asserted that the vote held on January 19, 2012 was the first time the Board voted on the issue. *See* Liberty's Objections to Evidence Nos.  7-8. |
|----|-----------------------------------------|------------------------------|-----------------------------------------|
| 19 | The Board voted to stop that business practice immediately. | Decl. of Robert C. Manion ¶ 6; Decl. of Joshua Tanner ¶ 10. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 20 | On January 24, 2012, the Board's President sent a letter to Ironwood's members summarizing the decisions that were made during the January 19, 2012, Board meeting, including the vote to stop repaying the Assessment to forfeiting members. | Decl. of Robert C. Manion ¶ 7, Ex. 1; Decl. of Joshua Tanner ¶ 11, Ex. 3. | Undisputed. |
| 21 | On May 7, 2012, William S. Cobb, Jr. ("Cobb"), sent a letter to Ironwood regarding the Board's January 19, 2012 vote to stop repaying the Assessment to forfeiting members. | Decl. of Robert C. Manion ¶ 10, Ex. 2; Decl. of Joshua Tanner ¶ 14, Ex. 4. | Undisputed. |

DEFENDANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNDISPUTED ADDITIONAL MATERIAL FACTS IN

2451618

| | | | |
|---|---|---|---|
| 22 | Cobb's May 7, 2012, letter was the first claim of which Ironwood was aware regarding the January 19, 2012, vote to stop repaying the Assessment to forfeiting members. | Decl. of Robert C. Manion ¶ 10; Decl. of Joshua Tanner ¶ 14. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 23 | Ironwood forwarded Cobb's May 7, 2012, letter to its insurance broker, Lux. | Decl. of Joshua Tanner ¶ 15; Decl. of Alan Lux ¶ 10. | Undisputed. |
| 24 | On May 15, 2012, Lux caused Cobb's May 7, 2012, letter to be forwarded Liberty. | Decl. of Joshua Tanner ¶ 15; Decl. of Alan Lux ¶ 11. | Undisputed. |
| 25 | On May 16, 2012, Liberty acknowledged receipt of Cobb's claim. | Decl. of Joshua Tanner ¶ 15; Decl. Alan Lux ¶ 12, Ex. 2. | Undisputed. |
| 26 | On August 21, 2012, Cobb filed a lawsuit against Ironwood regarding many of the same issues set forth in his May 7, 2012 demand letter. | Request for Judicial Notice ¶ 1, Ex. 1; Decl. of Joshua Tanner ¶ 16; Decl. of Alan Lux ¶ 16. | Undisputed. |
| 27 | On or about September 13, 2012, Liberty informed Ironwood's insurance broker, Mr. Lux, that it would defend Ironwood in the Cobb matter. | Decl. of Joshua Tanner ¶ 17; Decl. of Alan Lux ¶ 17. | Undisputed. |
| 28 | Liberty requested copies of the bills that Ironwood had received for legal fees and costs in connection with the Cobb matter. | Decl. of Joshua Tanner ¶ 17; Decl. of Alan Lux ¶ 17. | Undisputed. |

**DEFENDANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNDISPUTED ADDITIONAL MATERIAL FACTS IN**

2451618

| 29 | On September 13, 2012, Ironwood's insurance broker, Mr. Lux, asked Mr. Tanner to send him all of Ironwood's invoices for legal fees and costs in connection with the Cobb claim. | Decl. of Joshua Tanner ¶ 17; Decl. of Alan Lux ¶ 18. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
|---|---|---|---|
| 30 | Mr. Lux did not tell Mr. Tanner to limit the scope of invoices to only those for legal fees that post-dated the May 15, 2012 notice to Liberty. | Decl. of Joshua Tanner ¶ 17; Decl. of Alan Lux ¶ 18. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 31 | Mr. Tanner did not understand that Liberty was only asking for the invoices reflecting legal fees and costs incurred in defense of the Cobb claim. | Decl. of Joshua Tanner ¶ 19. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 32 | As a result, the invoices that Ironwood sent to its insurance broker, Mr. Lux, included invoices dating back to June 2011. | Decl. of Joshua Tanner ¶¶ 19-20; Decl. of Bryan R. Gerstel ¶ 11. | Undisputed. |
| 33 | On September 13, 2013, Mr. Lux forwarded to Liberty the invoices that he received from Ironwood, including invoices dating back to June 2011. | Decl. of Alan Lux ¶ 18, Ex. 5. | Undisputed. |
| 34 | Mr. Lux did not review Ironwood's invoices before forwarding them to Liberty. | Decl. of Alan Lux ¶ 18. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) |

**DEFENDANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNDISPUTED ADDITIONAL MATERIAL FACTS IN**

| | | | | exchange. |
|---|---|---|---|---|
| | 35 | Around the time that Liberty agreed to defend Ironwood, Liberty agreed to pay Ironwood's counsel, Mr. Gerstel, to defend Ironwood in the Cobb matter. | Decl. of Alan Lux ¶ 19; Ex. 6; Decl. of Bryan R. Gerstel ¶ 8. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| | 36 | On September 25, 2012, Mr. Gerstel sent a letter to Ms. Testaverde confirming that Liberty had agreed to pay his firm to defend Ironwood at the hourly rate of $275. | Decl. of Bryan R. Gerstel ¶ 9, Ex. 5. | Undisputed. |
| | 37 | On October 25, 2012, Liberty sent a letter to Ironwood confirming its agreement to defend Ironwood in the Cobb matter through Mr. Gerstel's firm. | Decl. of Joshua Tanner ¶ 27, Ex. 5; Decl. of Alan Lux ¶ 21, Ex. 8; Decl. of Bryan R. Gerstel ¶ 11. | Disputed. Liberty's correspondence of October 25, 2012, confirmed Liberty's agreement to defend ***subject to a reservation of rights*** pending Liberty's investigation and Ironwood's response to Liberty's information request. Particularly, Liberty's rights were reserved pursuant to:<br>• Exclusion 4.3 - no coverage for any Claim based upon, arising out of or in any way related to any error, misstatement, misleading statement, act, or omission, neglect or breach of duty which has been reported or noticed under a prior policy;<br>• Exclusion 4.9 - no coverage for any Claim based upon, arising out of or in any way related to any Insureds gaining in fact of any |

| | | | | |
|---|---|---|---|---|
| 1 | | | | personal profit, remuneration or advantage not legally entitled; |
| 2 | | | | • Section 5.2 - no coverage for any Loss in connection with any Claim for any actual or alleged liability of any Insured under any contract or agreement, express or implied, written or oral, except for employment-related obligations which would have attached absent such contract or agreement; |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | • Section 12. Other Insurance; and |
| 9 | | | | • Question 6. [actually question 14], Prior Knowledge, of the insurance application. |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | Liberty also reserved the right to void coverage pursuant to Sections 6.1 and 6.2 of the Policy.  See Pltf's Decl. Joshua Tanner ¶ 27, Ex. 5, page; Decl. of Alan Lux ¶ 21, Ex. 8; and Decl. of Bryan R. Gerstel ¶ 11. |
| 13 | | | | |
| 14 | | | | |
| 15 | 38 | After Ironwood received the October 25, 2013, letter from Liberty, Mr. Gerstel learned that Ironwood's insurance broker, Mr. Lux, sent Liberty copies of the following invoices that Mr. Gerstel had previously issued to Ironwood: invoice dated June 30, | Decl. of Bryan R. Gerstel ¶11; Decl. of Joshua Tanner ¶ 20. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | |

| | | | | |
|---|---|---|---|---|
| | | 2011 (for work performed throughout June 2011), invoice dated September 6, 2011 (for work performed throughout July 2011 and August 2011), invoice dated October 13, 2011 (for work performed throughout September 2011), invoice dated December 8, 2011 (for work performed throughout November 2011), invoice dated March 5, 2012 (for work performed throughout February 2012), invoice dated April 3, 2012 (for work performed throughout March 2012), and invoice dated May 1, 2012 (for work performed throughout April 2012) (collectively the "Pre-Tender Invoices"). | | |
| | 39 | The Pre-Tender Invoices do not include any billing entries related to the defense of the Cobb claim. | Decl. of Bryan R. Gerstel ¶ 12; Decl. of Joshua Tanner ¶ 21. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| | 40 | The Pre-Tender Invoices contain attorney-client Communications describing work performed by Mr. Gerstel for Ironwood on various matters unrelated to the defense of the Cobb claim. | Decl. of Bryan R. Gerstel ¶ 12; Decl. of Joshua Tanner ¶ 21. | Disputed. This is a conclusion of law. |

| | | | |
|---|---|---|---|
| 41 | Mr. Gerstel and Ironwood have always kept the Pre-Tender Invoices and their contents confidential in the normal course of their attorney-client relationship. | Decl. of Bryan R. Gerstel ¶ 13; Decl. of Joshua Tanner ¶ 21. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 42 | The Pre-Tender Invoices were not provided to Liberty with any intention of waiving the attorney-client privilege. | Decl. of Joshua Tanner ¶ 21. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange.  This is also a conclusion of law. |
| 43 | Ironwood's General Manager and Chief Operating Officer, Mr. Tanner, does not have authority to waive any privileges, including the attorney-client privilege, on behalf of Ironwood. | Decl. of Joshua Tanner ¶ 26; Decl. of Robert C. Manion, ¶ 12. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange.  This is also a conclusion of law. |
| 44 | Any such waiver would require authorization from Ironwood's Board. | Decl. of Joshua Tanner ¶ 26; Decl. of Robert C. Manion, ¶ 12. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange.  This is also a conclusion of law. |
| 45 | Mr. Tanner did not ask for authority from the Board to waive any privileges applicable to the Pre-Tender Invoices. | Decl. of Joshua Tanner ¶ 26; Decl. of Robert C. Manion, ¶ 12. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |

| | | | |
|---|---|---|---|
| 46 | Mr. Tanner did not obtain authority from the Board to waive any privileges applicable to the Pre-Tender Invoices. | Decl. of Joshua Tanner ¶ 26; Decl. of Robert C. Manion, ¶ 12. | Disputed.  Defendant lacks sufficient information to form a belief as to the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange.  This is also a conclusion of law. |
| 47 | The Pre-Tender Invoices were sent to Liberty without Mr. Gerstel's knowledge. | Decl. of Bryan R. Gerstel ¶ 13. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 48 | The Pre-Tender Invoices were sent to Liberty without Mr. Gerstel's authorization. | Decl. of Bryan R. Gerstel ¶ 13. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 49 | If Mr. Gerstel had been asked to submit the Pre-Tender Invoices to Liberty, he would have refused to do so. | Decl. of Bryan R. Gerstel ¶¶ 13-14. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange.  This is also a conclusion of law. |
| 50 | In addition to the Pre-Tender Invoices, Mr. Lux, sent Liberty copies of the following the following invoices that Mr. Gerstel had previously issued to Ironwood: invoice dated June 4, 2012 (for work performed throughout May 2012), invoice dated July | Decl. of Bryan R. Gerstel ¶ 16; Decl. of Joshua Tanner ¶ 23. | Undisputed. |

| | | | |
|---|---|---|---|
| | | 2, 2012 (for work performed throughout June 2012), invoice dated August 10, 2012 (for work performed throughout July 2012), and invoice dated September 1, 2012 (for work performed throughout July 2012) (collectively the "Post-Tender Invoices"). | | |
| | 51 | Of the invoices that Mr. Lux sent to Liberty, the Post-Tender Invoices are the only invoices that include billing entries related to the defense of the Cobb claim. | Decl. of Bryan R. Gerstel ¶ 16; Decl. of Joshua Tanner ¶ 23. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange.  This is also a conclusion of law. |
| | 52 | Of the invoices that Mr. Lux sent to Liberty, the Post-Tender Invoices are the only invoices that should have been submitted in response to Liberty's request for invoices related to the Cobb matter. | Decl. of Joshua Tanner ¶ 25. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange.  This is also a conclusion of law. |
| | 53 | In addition to the Pre-Tender Invoices and Post-Tender Invoices, Mr. Lux also sent Liberty copies of the following invoices that the Lavely & Singer firm had previously issued to Ironwood: invoice dated June 30, 2012 (for work performed throughout June 2012) and invoice dated July 31, 2012 (for work | Decl. of Bryan R. Gerstel ¶ 17; Decl. of Joshua Tanner ¶ 24. | Undisputed. |

**DEFENDANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARYJUDGMENT AND STATEMENT OF UNDISPUTED ADDITIONAL MATERIAL FACTS IN**
2451618

| | | | | |
|---|---|---|---|---|
| | | performed throughout July 2012) (collectively "Lavely & Singer Invoices"). | | |
| | 54 | Ironwood did not retain the Lavely & Singer firm to assist Mr. Gerstel with the defense of the Cobb claim. | Decl. of Bryan R. Gerstel ¶ 17; Decl. of Joshua Tanner ¶ 24. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange.  . |
| | 55 | The Lavely & Singer Invoices do not include any billing entries related to the defense of the Cobb claim. | Decl. of Bryan R. Gerstel ¶ 17; Decl. of Joshua Tanner ¶ 24. | Disputed.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| | 56 | Beginning on or about December 10, 2012, Ironwood made several written requests that Liberty return the bills that pre-date the May 15, 2012, notice to Liberty. | Decl. of Joshua Tanner ¶ 22; Decl. of Bryan R. Gerstel ¶ 15; Decl. of John J. McLeod ¶¶ 3, 4, 7, 8, 12 & 15, Exs. 1, 2, 5, 6, 10 & 13. | Undisputed. |
| | 57 | Beginning on or about December 10, 2012, Ironwood made several written requests that Liberty destroy any copies that have been made of the bills that predate the May 15, 2012, notice to Liberty. | Decl. of Joshua Tanner ¶ 22; Decl. of Bryan R. Gerstel ¶ 15; Decl. of John J. McLeod ¶¶ 3, 4, 7, 8, 12 & 15, Exs. 1, 2, 5, 6, 10 & 13. | Undisputed. |

DEFENDANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARYJUDGMENT AND STATEMENT OF UNDISPUTED ADDITIONAL MATERIAL FACTS IN
2451618

| 58 | From December 10, 2012, to the present, Liberty has not returned any bills to Ironwood. | Decl. of Joshua Tanner ¶ 22; Decl. of Bryan R. Gerstel ¶ 15; Decl. of John J. McLeod ¶¶ 3, 4, 7, 8, 12 & 15, Exs. 1, 2, 5, 6, 10 & 13. | Undisputed. |
|---|---|---|---|
| 59 | From December 10, 2012, to the present, Liberty has not agreed to destroy copies of any of the bills. | Decl. of Joshua Tanner ¶ 22; Decl. of Bryan R. Gerstel ¶ 15; Decl. of John J. McLeod ¶¶ 3, 4, 7, 8, 12 & 15, Exs. 1, 2, 5, 6, 10 & 13. | Undisputed. |
| 60 | On or about February 21, 2013, Ironwood paid its defense counsel, Mr. Gerstel, $10,000.00 to satisfy the $10,000.00 retention under the Liberty Policy. | Decl. of Joshua Tanner ¶ 28, Ex. 6; Decl. of Bryan R. Gerstel ¶ 22, Ex. 11. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. This is also a conclusion of law. |
| 61 | On February 26, 2013, Liberty informed Ironwood that it was denying coverage in connection with the Cobb matter. | Decl. of Bryan R. Gerstel ¶ 23; Decl. of John J. McLeod ¶ 9, Ex. 7. | Undisputed. Liberty's correspondence of February 26, 2013, not only denied coverage but also reserved its right to rescind the Policy.  See McLeod ¶ 9, Ex. 7, page 4. |
| 62 | In May 2012, Ironwood's counsel spent 12 hours assisting Ironwood in defense of the Cobb claim. | Decl. of Bryan R. Gerstel ¶ 4, Ex. 1. | Undisputed that the invoice reflects 12 hours was billed. Defendant lacks sufficient information to form a belief of |

**DEFENDANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARYJUDGMENT AND STATEMENT OF UNDISPUTED ADDITIONAL MATERIAL FACTS IN**
2451618

| | | | the truth or falsity as to the remainder of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
|---|---|---|---|
| 63 | In June 2012, Ironwood's counsel spent 7 hours assisting Ironwood in defense of the Cobb claim. | Decl. of Bryan R. Gerstel ¶ 5, Ex. 2. | Undisputed that the invoice reflects 7 hours was billed. Defendant lacks sufficient information to form a belief of the truth or falsity as to the remainder of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 64 | In July 2012, Ironwood's counsel spent 19.25 hours assisting Ironwood in defense of the Cobb claim. | Decl. of Bryan R. Gerstel ¶¶ 6-7, Exs. 3 & 4. | Undisputed that the invoice reflects 19.25 hours was billed. Defendant lacks sufficient information to form a belief of the truth or falsity of the remainder of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 65 | In August 2012 and September 2012, the defense fees and costs incurred through Mr. Gerstel's firm totaled $4,853.75 after subtracting $137.50 for one billing entry that pre-dated the May 15, 2012 notice to Liberty. | Decl. of Bryan R. Gerstel ¶ 10, Ex. 6. | Undisputed that the invoice totaled $4,853.75 after subtracting $137.50.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the remainder of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 66 | In October 2012, the defense fees and costs incurred through Mr. Gerstel's firm totaled $5,036.96. | Decl. of Bryan R. Gerstel ¶ 18, Ex. 7. | Undisputed that the invoice totaled $5,036.96. Defendant lacks sufficient information to form a belief of the truth or falsity of the remainder of the asserted fact as the Parties have not conducted discovery other |

| | | | than their Rule 26(a) exchange. |
|---|---|---|---|
| 67 | In November 2012, the defense fees and costs incurred through Mr. Gerstel's firm totaled $5,752.44. | Decl. of Bryan R. Gerstel ¶ 19, Ex. 8. | Undisputed that the invoice totaled $5,752.44. Defendant lacks sufficient information to form a belief of the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 68 | In December 2012, the defense fees and costs incurred through Mr. Gerstel's firm totaled $2,147.53. | Decl. of Bryan R. Gerstel ¶ 20, Ex. 9. | Undisputed that the invoice totaled $2,147.53. Defendant lacks sufficient information to form a belief of the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 69 | In January 2013, the defense fees and costs incurred through Mr. Gerstel's firm totaled $17,389.50. | Decl. of Bryan R. Gerstel ¶ 21, Ex. 10. | Undisputed that the invoice totaled $17,389.50.  Defendant lacks sufficient information to form a belief of the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 70 | In February 2013, the defense fees and costs incurred through Mr. Gerstel's firm totaled $20,870.43 after subtracting $357.50 for four billing entries that postdated February 26, 2013. | Decl. of Bryan R. Gerstel ¶ 24, Ex. 12. | Undisputed that the invoice totaled $4,853.75 after subtracting $137.50. Defendant lacks sufficient information to form a belief of the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. |
| 71 | Using the $275 hourly rate that Liberty agreed to pay for Ironwood's defense, the amount of defense fees and costs unpaid by Liberty from May 15, | Decl. of Bryan R. Gerstel ¶ 27, Exs. 1-4 & 6-12. | Undisputed.  Defendant lacks sufficient information to form a belief regarding the purpose of the payment of $10,000 by Ironwood as the Parties have not conducted discovery other |

| | | | than their Rule 26(a) exchange |
|---|---|---|---|
| | 2012, through February 26, 2013 totals $56,569.36 after subtracting the $10,000 retention payment made by Ironwood. | | |
| 72 | Beginning on or about January 29, 2013, Ironwood made several written requests that Liberty pay Ironwood any unpaid defense fees and costs incurred after the date of notice to Liberty. | Decl. of John J. McLeod ¶¶ 6, 7, 10 & 12, Exs. 4, 5, 8 & 10. | Undisputed. |
| 73 | To date, Liberty has not paid any money to Ironwood in connection with the Cobb matter. | Decl. of Joshua Tanner ¶ 29; Decl. of Bryan R. Gerstel ¶27. | Undisputed. |

Liberty also respectfully submits the following additional material facts and supporting evidence in support of its Opposition to Ironwood's Motion for Partial Summary Judgment.

| DEF'S SUF NO. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | On or about October 5, 2011, Liberty received from Ironwood an "Application for Nonprofit Executive Advantage Policy," dated October 5, 2011, and signed by the Chief Operating Officer, which had the answer "No" marked in response to Question 14. | Declaration of Seon Choi, ¶ 3, Ex. A. |
| 2. | Question 14 of the Application for Nonprofit Executive Advantage Policy asks:<br>**Does anyone for whom insurance is sought have any knowledge or information of any act, error, omission, fact, or circumstances which** | Declaration of Seon Choi, ¶ 3, Ex. A. |

| | | | |
|---|---|---|---|
| | | **may give rise to a Claim which may fall within the scope of the proposed insurance?** | |
| | 3. | By letter dated October 25, 2012, Liberty reserved its rights, in part, pursuant to:<br>    • Question 6. [actually question 14], Prior Knowledge, of the insurance application and Sections 6.1 and 6.2 of the Policy; and<br>    • Liberty also reserved its rights to void coverage pursuant to Sections 6.1 and 6.2 of the Policy. | Decl. Joshua Tanner ¶ 27, Ex. 5, pages 6-7 ; Decl. of Alan Lux ¶ 21, Ex. 8, pages 10-11, as referenced in Pltf's SUF, No. 37. |
| | 4. | Section 6 of the Policy, Application Representations and Severability, states:<br>    **6.1**  The Insureds represent that the statements and representations contained in the Application are true and shall be deemed material to the acceptance of the risk or the hazard assumed by the Insured under this Policy.  This Policy is issued in reliance upon the truth of such statements and representations.<br>    **6.2**  The Insureds agree that if the Application contains any statements or representations that are untrue, this Policy shall be void as to the Insured Organization and any Insured Person who knew the facts that were not truthfully disclosed, provided that such knowledge shall not be imputed to any other Insured Person. | Decl. of Joshua Tanner ¶ 7, Ex. 2; Decl. of Alan Lux ¶ 9, Ex. 1, as referenced in Pltf's SUF, No. 3. |
| | 5. | Liberty's October 25, 2012 correspondence further noted that the Application further provided that:<br>    IT IS UNDERSTOOD AND AGREED THAT IF ANYONE FOR WHOM THIS INSURANCE IS SOUGHT HAS ANY KNOWLEDGE OF ANY SUCH ACT, ERROR, OMISSION, FACT OR CIRCUMSTANCE, ANY CLAIM | Decl. Joshua Tanner ¶ 27, Ex. 5, pages 6-7 ; Decl. of Alan Lux ¶ 21, Ex. 8, pages 10-11, as referenced in Pltf's SUF, No. 37. |

| | | EMANATING THEREFROM SHALL BE EXCLUDED FROM COVERAGE UNDER THE PROPOSED INSURANCE. | |
|---|---|---|---|
| | 6. | Liberty's October 25, 2012, correspondence further noted that the invoices that Ironwood submitted to Liberty for payment for services rendered by Ironwood's counsel in connection with the Cobb Claim contained entries that demonstrated the basis for a coverage defense based on Ironwood's "prior knowledge." | Decl. Joshua Tanner ¶ 27, Ex. 5, pages 6-7 ; Decl. of Alan Lux ¶ 21, Ex. 8, pages 10-11, as referenced in Pltf's SUF, No. 37. |
| | 7. | Liberty's October 25, 2012, correspondence specifically noted that Gerstel's invoice dated October 13, 2011, contained an entry: "Review and analyze legal issues and facts re: Assessment, Mistake of Fact and Law issues, Estoppel, Class action issues and Liability; Declaratory Relief issues and Liability; Insurance issues re potential claims and coverage; Transferability of assessment rights; Contractual liability for assessment payments by forfeiting members; potential for present member claims; analysis of statues, case law Club documentation re: issues; prepare Memo to Board of Directors on these issues." | Decl. Joshua Tanner ¶ 27, Ex. 5, pages 6-7 ; Decl. of Alan Lux ¶ 21, Ex. 8, pages 10-11, as referenced in Pltf's SUF, No. 37. |
| | 8. | Liberty's October 25, 2012, correspondence specifically noted that Gerstel's invoice dated September 6, 2011, contained the following entry: "telecom Tanner re additional information on Insurance and sales of memberships." . | Decl. Joshua Tanner ¶ 27, Ex. 5, pages 6-7 ; Decl. of Alan Lux ¶ 21, Ex. 8, pages 10-11, as referenced in Pltf's SUF, No. 37. |
| | 9. | Liberty's October 25, 2012, correspondence requested the Memo that Gerstel drafted to Ironwood with respect to the issues outlined in the September 6, 2011, entry. | Decl. Joshua Tanner ¶ 27, Ex. 5, pages 6-7 ; Decl. of Alan Lux ¶ 21, Ex. 8, pages 10-11, as referenced in Pltf's SUF, No. 37. |

DEFENDANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARYJUDGMENT AND STATEMENT OF UNDISPUTED ADDITIONAL MATERIAL FACTS IN

| 10. | Liberty's October 25, 2012, correspondence requested a detailed explanation for the analysis outlined in the October 13, 2011, entry. | Decl. Joshua Tanner ¶ 27, Ex. 5, pages 6-7 ; Decl. of Alan Lux ¶ 21, Ex. 8, pages 10-11, as referenced in Pltf's SUF, No. 37. |
|---|---|---|
| 11. | By letter dated February 26, 2013, Liberty advised Ironwood that, following further investigation, it was supplementing its prior coverage letters to deny coverage for the Claim. | Decl. of John J. McLeod ¶ 9, Ex. 7 as referenced in Pltf's SUF, No. 61. |
| 12. | Liberty's February 26, 2013, correspondence referred back to Liberty's October 25, 2012, reservation of rights letter and explained that n coverage was unavailable based upon the Insured's response of "NO" to question 14 of the Application and Sections 6.1 and 6.2 of the Policy and the entries contained in the October 13, 2011, invoice. | Decl. of John J. McLeod ¶ 9, Ex. 7, as referenced in Pltf's SUF, No. 61. |
| 13. | Liberty's February 26, 2013, correspondence stated that Ironwood's response to question 14 was false based upon Gerstel's invoice entries and that the Insured was aware as early as July and August of 2011 of facts and circumstances which might give rise to Claim by Mr. Cobb and/or other members. | Decl. of John J. McLeod ¶ 9, Ex. 7 as referenced in Pltf's SUF, No. 61. |
| 14. | Liberty's February 26, 2013, correspondence confirmed Ironwood's refusal of Liberty's offer to enter into a confidentiality agreement so to provide the requested information regarding the entries in question and copy of the Memo, and advised that such refusal confirmed that Ironwood and its Board were aware of the facts and circumstances (prior to the completing the Application) that gave rise to the Cobb Complaint. | Decl. of John J. McLeod ¶ 9, Ex. 7 as referenced in Pltf's SUF, No. 61. |

DEFENDANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARYJUDGMENT AND STATEMENT OF UNDISPUTED ADDITIONAL MATERIAL FACTS IN

2451618

| 15. | Liberty's February 26, 2013, correspondence also specifically reserved the right to rescind the Policy. | Decl. of John J. McLeod, ¶ 9, Ex. 7, pages 2 – 4, as referenced in Pltf's SUF, No. 61. |
|-----|------|------|

Dated:  February 3, 2013            KAUFMAN BORGEEST & RYAN LLP

                                        By:      /s/ Jeffrey S. Whittington
                                                 Jeffrey S. Whittington, Esq.
                                                 Miriam Gregory, Esq.
                                                 Attorney for Defendant,
                                                 Liberty Insurance Underwriters, Inc.

**DEFENDANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARYJUDGMENT AND STATEMENT OF UNDISPUTED ADDITIONAL MATERIAL FACTS IN**
2451618

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**
**CASE NAME: Ironwood v. Liberty Insurance**

I declare as follows:

I am employed in the County of Los Angeles, California. I am over the age of 18 years, and not a party to the within action; my business address is 23975 Park Sorrento, Suite 370, Calabasas, California 91302. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

On February 3, 2014, I served a true and correct copy, with all exhibits, of the following document(s) described as follows:

**DEFENDANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT AND STATEMENT OF UNDISPUTED ADDITIONAL MATERIAL FACTS IN SUPPORT OF OPPOSITION**

[ ] On the interested parties in the within action by placing the above documents in the United States mail for Express Mail delivery at 23975 Park Sorrento, Suite 370, Calabasas, California 91302 in a sealed envelope, with Express Mail postage thereon fully prepaid; by depositing copies of the above documents in a box or other facility regularly maintained by Federal Express, with delivery fees paid by the sender's account. (Code of Civil Procedure § 1013(c).) *(Overnight Delivery Service)*

[ ] On the interested parties in the within action by faxing a true and correct copy of the above documents to the facsimile number listed below. *(Fax Service)*

[x] via service through the CM/ECF system. *(eService)*

John J. McLeod, Esq.
Paul C. Hirst, Esq.
McLEOD LAW GROUP, APC
701 B. Street, Suite 1570
San Diego, California 92101
john@mcleodlawgroup.com
pchirst@mcleodlawgroup.com

I certify under penalty of perjury under the laws of the United States of American and the State of California that the foregoing is true and correct and that this declaration was executed on February 3, 2014, at Calabasas, California.

By:  ___/s/ Jesica Isaac___          By:  ___Jesica Isaac___
      Signature of Declarant                      Name of Declarant