Jeffrey S. Whittington, Esq./SBN 236028
Email: jwhittington@KBRlaw.com
Miriam Gregory, Esq./SBN 281083
Email: mgregory@KBRlaw.com
KAUFMAN BORGEEST & RYAN LLP
23975 Park Sorrento, Suite 370
Calabasas, CA 91302
Telephone: (818) 880-0992
Facsimile: (818) 880-0993

Attorneys for Defendant
Liberty Insurance Underwriters, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| IRONWOOD COUNTRY CLUB,<br><br>          Plaintiffs,<br><br>     vs.<br><br>LIBERTY INSURANCE UNDERWRITERS, INC. and DOES 1 through 100,<br><br>          Defendants. | Case No. 5:13-CV-00996-VAP (DTB)<br><br>**DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF**<br><br>**HEARING DATE:** February 24, 2014<br>**HEARING TIME:** 2:00 p.m.<br>**COURTROOM:** 2<br><br>Discovery Cut-Off:<br>Pre-Trial Conference:<br>Trial Date:<br><br>FILED CONCURRENTLY WITH:<br>1. Defendant's Points and Authorities in Opposition to Plaintiff's Motion for Partial Summary Judgment<br>2. Statement of Genuine Disputes and Statement of Undisputed Facts<br>3. Declaration of Jeffrey S. Whittington;<br>4. Declaration of Seon Choi<br>5. [Proposed] Order |

**1**
**DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF**

2451621

Defendant, Liberty Insurance Underwriters, Inc. ("Liberty") hereby objects to, and requests to strike, the following evidence presented by plaintiff, Ironwood Country Club ("Ironwood") in connection with Ironwood's Motion for Partial Summary Judgment set for hearing on February 24, 2014, before this Court.

### A. Declaration of Joshua Tanner in Support of Motion for Partial Summary Judgment, dated December 20, 2013.

1. Pg. 2, ¶6, lines 9-12. "I have conferred with the other members of Ironwood's management team, including Ironwood's Controller, Lydia Magat, as well as with Mr. Lux. However, I am not aware of who, if anyone, provided a 'no' response to Question #14." This evidence is objected to on the grounds that it is inadmissible hearsay. (FRE 802).

2. Pgs. 2-3, ¶8. The evidence is objected to on the grounds that it is inadmissible hearsay. (FRE 802).

3. Pg. 3, Lines 3-6 of ¶ 8: "I am informed and believe that dating back several years before my employment with the club, the previous Boards had been intermittently discussing the nature and terms of this business practice." This evidence is objected to on the grounds it lacks foundation (FRE 602).

4. Pg. 3, ¶9. The evidence is objected to on the grounds that it is inadmissible hearsay. (FRE 802). Pg. 3, Lines 7-10 of ¶ 9: "I am informed and believe that this included consultations with many individuals, including past Presidents, myself and other members of Ironwood's management team, and Ironwood's counsel, Bryan

1  Gerstel," and lines Pg. 3, 13-15: "I am informed and believe that no Board made any
2  decision on this issue prior to January 2012." This evidence is also objected to on the
3  grounds it lacks foundation (FRE 602).

4  5.     Pg. 3, ¶10. The evidence is objected to on the grounds that it is inadmissible
5  hearsay. (FRE 802).   Pg. 3, Lines 25-27 of ¶ 10, "I am informed and believe that this
6  was the first time any Board ever voted on the issue of whether to change this business
7  practice." This evidence is also objected to on the grounds that it lacks foundation.
8  (FRE 602).

9  6.     Pg. 4, ¶12.  The evidence is objected to on the grounds that it is inadmissible
10 hearsay. (FRE 802).

11 7.     Pg. 4, ¶13.  The evidence is objected to on the grounds that it is inadmissible
12 hearsay. (FRE 802).  Pg. 4, Lines 18-19 of ¶ 13, "I am informed and believe that the
13 Board, too, had no such knowledge or information. Indeed, the decision to change that
14 business practice was not made until January 19, 2012 – more than three months after
15 October 5, 2011." This evidence is also objected to on the grounds that it lacks
16 foundation. (FRE 602).

17 8.     Pgs. 4-5, ¶15. The evidence is objected to on the grounds that it is inadmissible
18 hearsay. (FRE 802).  Pg. 4, Lines 27-28 of ¶ 15, "I am informed and believe that, on
19 or about May 15, 2012, Mr. Lux caused Mr. Cobb's May 7, 2012 demand letter to be
20 forwarded to Liberty..." This evidence is also objected to on the grounds that it lacks

1  foundation. (FRE 602).

2  9.     Pg. 5, ¶16.  This evidence is objected to on the grounds that it lacks foundation.
3  (FRE 602).

4  10.    Pg. 5, ¶17.  The evidence is objected to on the grounds that it constitutes
5  inadmissible hearsay. (FRE 802).   Pg. 5, Lines 9-11 of ¶ 17, "It was my
6  understanding that Liberty had requested the invoices for purposes of processing them
7  for reimbursement to Ironwood after deducting the $10,000 retention under the
8  Policy."  This evidence is also objected to on the grounds that it lacks foundation.
9  (FRE 602).

10 11.    Pg. 5, ¶18.  The evidence is objected to on the grounds that it constitutes
11 inadmissible hearsay. (FRE 802).

12 12.    Pg. 5, ¶19.  The evidence is objected to on the grounds that it constitutes
13 inadmissible hearsay. (FRE 802).

14 13.    Pg. 5-6, ¶20.  The evidence is objected to on the grounds that it constitutes
15 inadmissible hearsay. (FRE 802).

16 14.    Pg. 6, ¶21.  The evidence is objected to on the grounds that it constitutes
17 improper lay witness and/or expert testimony. (FRE 701 and 702).

18 15.    Pg. 6, ¶22. The evidence is objected to on the grounds that it lacks foundation.
19 (FRE 602).

20 16.    Pg. 6, ¶23. The evidence is objected to on the grounds that it constitutes

improper lay witness and/or expert testimony. (FRE 701 and 702) and inadmissible hearsay. (FRE 802).

17. Pg. 7, ¶24. The evidence is objected to on the grounds that it constitutes improper lay witness and/or expert testimony (FRE 701 and 702) and inadmissible hearsay (FRE 802).

18. Pg. 7, ¶25. The evidence is objected to on the grounds that it constitutes improper lay witness and/or expert testimony (FRE 701 and 702) and inadmissible hearsay (FRE 802).

19. Pg. 7, ¶26. The evidence is objected to on the grounds that it constitutes improper lay witness and/or expert testimony (FRE 701 and 702) and inadmissible hearsay (FRE 802).

20. Pg. 7, ¶28. The evidence is objected to on the grounds that it constitutes inadmissible hearsay. (FRE 802).

**B. Declaration of Robert C. Manion in Support of Motion for Partial Summary Judgment, dated December 26, 2013.**

1. Pg. 1, ¶2. The evidence is objected to on the grounds that it is inadmissible hearsay. (FRE 802).

2. Pg. 1, ¶3. The evidence is objected to on the grounds that it is inadmissible hearsay. (FRE 802).

3. Pg. 1, ¶4. The evidence is objected to on the grounds that it is inadmissible hearsay. (FRE 802).

4.      Pgs. 1-2, ¶4.  The evidence is objected to on the grounds that it is inadmissible hearsay. (FRE 802).   Pg. 2,  Lines 6-8 of ¶4, "I am informed and believe that dating back several years before my initial three-year term began, previous Boards had been intermittently discussing the nature and terms of this business practice."  This is evidence is also objected to on the grounds it lacks foundation. (FRE 602).

5.      Pg. 2, ¶5.  The evidence is objected to on the grounds that it is inadmissible hearsay. (FRE 802).

6.      Pgs. 2-3, ¶6.  The evidence is objected to on the grounds that it is inadmissible hearsay. (FRE 802).  Pg. 3, ¶6, Lines 2-3, "I am informed and believe that this was the first time any Board ever voted on the issue of whether to change this business practice."  The evidence is also objected to on the grounds that it lacks foundation. (FRE 602).

7.      Pg. 3, ¶7. The evidence is objected to on the grounds that it is inadmissible hearsay. (FRE 802).

8.      Pg. 3, ¶8. The evidence is objected to on the grounds that it is inadmissible hearsay. (FRE 802).

9.      Pg. 3, ¶9. The evidence is objected to on the grounds that it is inadmissible hearsay. (FRE 802).   Pg. 3, Lines 18-20 of ¶ 9, "I am informed and believe that Mr. Tanner caused to be submitted an insurance application to Liberty Insurance

Underwriters, Inc. on or about October 5, 2011." The evidence is also objected to on the grounds that it lacks foundation. (FRE 602).

10. Pg. 4, ¶10. The evidence is objected to on the grounds that it is inadmissible hearsay. (FRE 802).

11. Pg. 4, ¶11. The evidence is objected to on the grounds that it lacks foundation. (FRE 602).

12. Pg. 4, ¶12, lines 8-11. The evidence is objected to on the grounds that it is inadmissible hearsay. (FRE 802). The evidence is also objected to on the grounds that it constitutes improper lay witness and/or expert testimony. (FRE 701 and 702).

### C. Declaration of Alan Lux in Support of Motion for Partial Summary Judgment, dated December 23, 2013.

1. Pg. 2-4, ¶¶1-18. The evidence is objected to on the grounds that it constitutes inadmissible hearsay. (FRE 802).

2. Pg. 4, ¶19. Pg. 4, Lines 19-21 of ¶ 19: "I am informed and believe that sometime shortly thereafter, Ms. Testaverde spoke to Ironwood's counsel, Bryan Gerstel, and agreed to pay Mr. Gerstel's firm to defend Ironwood in the Cobb matter." This evidence is also objected to on the grounds that it lacks foundation and constitutes inadmissible hearsay. (FRE 602); (FRE 802).

\\\

\\\

**D.     Declaration of Bryan R. Gerstel in Support of Motion for Partial Summary Judgment, dated December 17, 2013.**

1. Pg. 1, ¶2, Lines 11-13: "I am informed and believe that on or about May 7, 2012, Ironwood received a demand letter from William Cobb, who is now one of the plaintiffs in the Cobb Lawsuit ("Cobb Pre-Lawsuit Claim")." This evidence is objected to on the grounds that it lacks foundation and constitutes inadmissible hearsay. (FRE 602); (FRE 802).

2. Pg. 3, ¶¶ 8-9.  The evidence is objected to on the grounds that it constitutes inadmissible hearsay. (FRE 802).

3. Pg. 4, ¶ 12.  The evidence is objected to on the grounds that it constitutes inadmissible hearsay. (FRE 802).

4.  Pg. 4, ¶ 13.  The evidence is objected to on the grounds that it constitutes inadmissible hearsay. (FRE 802).

5.  Pg. 4, ¶ 14.  The evidence is objected to on the grounds that it constitutes inadmissible hearsay. (FRE 802).

6. Pg. 4-5, ¶ 15.  The evidence is objected to on the grounds that it constitutes inadmissible hearsay. (FRE 802).

7. Pg. 5, ¶ 16.  The evidence is objected to on the grounds that it constitutes inadmissible hearsay. (FRE 802).

8. Pg. 5, ¶17, lines 19-21.  The evidence is objected to on the grounds that it constitutes inadmissible hearsay and lacks foundation. (FRE602); (FRE 802).

9. Pg. 6-7, ¶22. The evidence is objected to on the grounds that it constitutes inadmissible hearsay. (FRE 802). Pg. 6, Lines 23-25 of ¶ 22 "I am informed and believe that Ironwood made this payment so as to satisfy the $10,000.00 retention under the insurance policy that is at issue in the above-entitled action." The evidence is also objected to on the grounds that it lacks foundation. (FRE 602).

10. Pg. 7-8, ¶¶ 25-27. The evidence is objected to on the grounds that it constitutes inadmissible hearsay. (FRE 802).

Liberty will respectfully request this Court at the hearing on the motion to sustain the above objections and strike the evidence referred to above.

Dated: February 3, 2014              KAUFMAN BORGEEST & RYAN LLP

                                     By:    /s/ Jeffrey S. Whittington
                                            Jeffrey S. Whittington, Esq.
                                            Miriam Gregory, Esq.
                                            Attorney for Defendant,
                                            Liberty Insurance Underwriters, Inc.

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**
**CASE NAME: Ironwood v. Liberty Insurance**

I declare as follows:

I am employed in the County of Los Angeles, California. I am over the age of 18 years, and not a party to the within action; my business address is 23975 Park Sorrento, Suite 370, Calabasas, California 91302. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

On February 3, 2014, I served a true and correct copy, with all exhibits, of the following document(s) described as follows:

# DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF

[ ]   On the interested parties in the within action by placing the above documents in the United States mail for Express Mail delivery at 23975 Park Sorrento, Suite 370, Calabasas, California 91302 in a sealed envelope, with Express Mail postage thereon fully prepaid; by depositing copies of the above documents in a box or other facility regularly maintained by Federal Express, with delivery fees paid by the sender's account. (Code of Civil Procedure § 1013(c).)  *(Overnight Delivery Service)*

[ ]   On the interested parties in the within action by faxing a true and correct copy of the above documents to the facsimile number listed below.  *(Fax Service)*

[x]   via service through the CM/ECF system. *(eService)*

John J. McLeod, Esq.
Paul C. Hirst, Esq.
McLEOD LAW GROUP, APC
701 B. Street, Suite 1570
San Diego, California 92101
john@mcleodlawgroup.com
pchirst@mcleodlawgroup.com

I certify under penalty of perjury under the laws of the United States of American and the State of California that the foregoing is true and correct and that this declaration was executed on February 3, 2014, at Calabasas, California.

By:   /s/ Jesica Isaac          By:   Jesica Isaac
      Signature of Declarant             Name of Declarant