1  Jeffrey S. Whittington, Esq./SBN 236028
   Email: jwhittington@KBRlaw.com
2  Miriam Gregory, Esq./SBN 281083
   Email: mgregory@KBRlaw.com
3  KAUFMAN BORGEEST & RYAN LLP
   23975 Park Sorrento, Suite 370
4  Calabasas, CA 91302
   Telephone: (818) 880-0992
5  Facsimile: (818) 880-0993

6  Attorneys for Defendant
   Liberty Insurance Underwriters, Inc.
7

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| IRONWOOD COUNTRY CLUB, | Case No. 5:13-CV-00996-VAP (DTB) |
| Plaintiffs, | **DECLARATION OF JEFFREY S. WHITTINGTON PURSUANT TO FED. R. CIV. P. 56(d) IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| LIBERTY INSURANCE UNDERWRITERS, INC. and DOES 1 through 100, | |
| Defendants. | HEARING DATE: February 24, 2014<br>HEARING TIME: 2:00 p.m.<br>COURTROOM: 2 |
| | Discovery Cut-Off:<br>Pre-Trial Conference:<br>Trial Date: |
| | FILED CONCURRENTLY WITH:<br>1. Defendant's Points and Authorities in Opposition to Plaintiff's Motion for Partial Summary Judgment<br>2. Evidentiary Objections to Plaintiff's Motion for Partial Summary Judgment<br>3. Defendant's Statement of Genuine Issues and Statement of Undisputed Facts;<br>4. Declaration of Seon Choi<br>5. [Proposed] Order |

1
DECLARATION OF JEFFREY S. WHITTINGTON PURSUANT TO FED. R. CIV. P. 56(d) IN SUPPORT OF
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

2451685

# DECLARATION OF JEFFREY S. WHITTINGTON

1. I am an attorney in good standing duly licensed to practice law in the State of California. I am a partner with the law firm of Kaufman Borgeest & Ryan LLP, attorneys of record for defendant, Liberty Insurance Underwriters, Inc. ("Liberty"). I have personal knowledge of the matters set forth herein and if called upon to testify under oath, I could and would competently do so. I make this declaration in support of Liberty's Opposition to Ironwood Country Club's ("Ironwood") Motion for Partial Summary Judgment ("Motion for PSJ").

2. On December 17, 2013, Ironwood advised me, via email, that it believed that the Parties satisfied the "meet and confer" requirement of L.R. 7-3 *in July 2013,* and as such, intended to file a motion for partial summary judgment on the duty to defend issue.

3. On December 20, 2013, I advised Ironwood that filing a motion for summary judgment on the defense duty issue was premature under California law as discovery had not yet begun and issues of fact existed with respect to the critical issue of whether Ironwood had made material misrepresentations in its application of insurance with Liberty, and consequently, whether Liberty owed Ironwood a defense in the Cobb Lawsuit, the exact issue upon which Ironwood is currently seeking summary judgment. Pltf's Decl. of John J. McLeod ¶ 26, Ex. 24, page 1.

1  4. Nevertheless, despite the foregoing, Ironwood did not respond to my
2  December 20, 2013, letter and, on December 30, filed its Motion for PSJ, unilaterally
3  setting the hearing date for January 27, 2014.  Following Liberty's *Ex Parte*
4  Application to continue the Motion for PSJ hearing date, which was vigorously
5  opposed by Ironwood, the Hearing date for the Motion for PSJ was continued to
6  February 24, 2014.

7  5. Other than the initial disclosures required under Rule 26 of the Federal Rules
8  of Civil Procedure, the parties have not yet served discovery or conducted
9  depositions, although Liberty fully intends to conduct significant discovery and
10 depositions in this matter.

11  6.    Fed. R. Civ. P. 56(d) provides that:

> "If a party opposing [a motion for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

The purpose of this rule is to prevent parties from being "railroaded" by a premature motion for summary judgment brought before the close of discovery. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (Rule 56(f) requires "summary judgment [to] be refused where the nonmoving party has not had the opportunity to discover information that is essential

---

3
**DECLARATION OF JEFFREY S. WHITTINGTON PURSUANT TO FED. R. CIV. P. 56(d) IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
2451685

to his opposition").

7. Given the lack of discovery thus far, Liberty is placed at a severe disadvantage in its ability to respond substantively to Ironwood's (alleged) "Statement of Undisputed Facts" ("SUF"). Specifically, Ironwood's SUF, filed in support of its Motion for PSJ, cites 73 purportedly "undisputed" material facts despite there being no discovery other than the initial disclosures. The practical effect is that Liberty is unable to materially respond either in the positive or in the negative to these allegedly "undisputed facts" because these "facts" have not been subjected to the test of discovery. Accordingly, because Ironwood's Motion for PSJ predates any form of discovery, Liberty is effectively prevented from providing a response to a majority of Ironwood's alleged "undisputed facts."

8. Thus, to the extent this Court will be relying on Ironwood's purportedly "undisputed facts" in rendering its decision, Liberty respectfully requests the Court deny Ironwood's Motion for Partial Summary Judgment, or, in the alternative, defer considering and ruling on same until such time as the Parties have had the opportunity to engage in meaningful discovery.

\\\

\\\

\\\

\\\

1  I declare under penalty of perjury under the laws of the United States of America
2  and the State of California that the foregoing is true and correct.  This declaration was
3  executed on February 3, 2014, in Calabasas, California.
4
5          By:   /s/ Jeffrey S. Whittington
                  JEFFREY S. WHITTINGTON
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**
**CASE NAME: Ironwood v. Liberty Insurance**

I declare as follows:

I am employed in the County of Los Angeles, California. I am over the age of 18 years, and not a party to the within action; my business address is 23975 Park Sorrento, Suite 370, Calabasas, California 91302. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

On February 3, 2014, I served a true and correct copy, with all exhibits, of the following document(s) described as follows:

# DECLARATION OF JEFFREY S. WHITTINGTON PURSUANT TO FED. R. CIV. P. 56(d) IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

[ ]   On the interested parties in the within action by placing the above documents in the United States mail for Express Mail delivery at 23975 Park Sorrento, Suite 370, Calabasas, California 91302 in a sealed envelope, with Express Mail postage thereon fully prepaid; by depositing copies of the above documents in a box or other facility regularly maintained by Federal Express, with delivery fees paid by the sender's account. (Code of Civil Procedure § 1013(c).) *(Overnight Delivery Service)*

[ ]   On the interested parties in the within action by faxing a true and correct copy of the above documents to the facsimile number listed below. *(Fax Service)*

[x]   via service through the CM/ECF system. *(eService)*

John J. McLeod, Esq.
Paul C. Hirst, Esq.
McLEOD LAW GROUP, APC
701 B. Street, Suite 1570
San Diego, California 92101
john@mcleodlawgroup.com
pchirst@mcleodlawgroup.com

I certify under penalty of perjury under the laws of the United States of American and the State of California that the foregoing is true and correct and that this declaration was executed on February 3, 2014, at Calabasas, California.

By:   /s/ Jesica Isaac            By:   Jesica Isaac
      Signature of Declarant            Name of Declarant