John J. McLeod, Esq., State Bar No. 174169
john@mcleodlawgroup.com
Paul C. Hirst, Esq., State Bar No. 234460
pchirst@mcleodlawgroup.com
McLEOD LAW GROUP, A.P.C.
701 B Street, Suite 1570
San Diego, California 92101
Telephone:  (619) 236-9938
Facsimile:  (619) 236-9943

Attorneys for Plaintiff,
IRONWOOD COUNTRY CLUB

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| IRONWOOD COUNTRY CLUB, | CASE NO. 13-00996-VAP (DTBx) |
| Plaintiff, | **RESPONSE TO DEFENDANT'S STATEMENT OF GENUINE ISSUES IN SUPPORT OF PLAINTIFF'S *AMENDED* MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| LIBERTY INSURANCE UNDERWRITERS, INC. and DOES 1 through 100, | |
| Defendants. | Hearing Date:   February 24, 2014 Hearing Time:   2:00 p.m. Courtroom:        Hon. Virginia A. Phillips |
| | Date Complaint Filed: May 1, 2013 Trial Date: August 5, 2014 |
| | Filed concurrently with: 1. *Reply; and* 2. *Objections to Evidence.* |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

Ironwood Country Club ("Ironwood") respectfully submits the following response to defendant Liberty Insurance Underwriters, Inc.'s ("Liberty") statement of genuine issues in support of Liberty's opposition to Ironwood's *amended* motion for partial summary judgment.  Facts 1 through 73 below correspond to the undisputed facts and supporting evidence set forth in the statement of undisputed facts filed by Ironwood in support of its *amended* motion for partial summary judgment.  This response is followed by a response to the additional material facts and supporting evidence filed by Liberty in support of its opposition to Ironwood's *amended* motion for partial summary judgment.

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| 1. | In July 2011, Ironwood's General Manager and Chief Operating Officer, Joshua Tanner, began working with Ironwood's insurance broker, Alan Lux of Tanenbaum-Harber, to purchase a policy providing Directors & Officers Liability coverage for the policy period of October 1, 2011 to October 1, | Decl. of Joshua Tanner ¶¶ 3-4; Decl. of Alan Lux ¶¶ 4-5. | For purposes of Liberty's Opposition ("Opposition") to Ironwood's Motion for Partial Summary Judgment ("M/PSJ") only, the statement is undisputed. | |

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | 2012. | | | |
| 2. | On or about October 5, 2011, Ironwood submitted to Liberty an "Application for Nonprofit Executive Advantage Policy" ("Liberty Application"). | Decl. of Joshua Tanner ¶ 5, Ex. 1; Decl. of Alan Lux ¶ 7. | Liberty agrees that Ironwood Submitted an "Application for Non-Profit Executive Advantage Policy." Disputed, however, with respect to whether Ironwood submitted a response to Question 14 in the Liberty Application. *See* Liberty's Separate Statement of Undisputed Facts, #1. | Whether or not Ironwood provided a "no" response to Question No. 14 is not a material fact for purposes of this motion. Even if Ironwood responded "no" to Question No. 14, Ironwood is still entitled to an order in its favor on the three discrete issues that are the subject of this motion. |
| 3. | Liberty thereafter issued a "Nonprofit | Decl. of Joshua | Undisputed. | |

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | Executive Advantage Policy" to Ironwood, policy number DOCH216747-211, for the policy period of October 1, 2011 to October 1, 2012 ("Policy"). | Tanner ¶ 7, Ex. 2; Decl. of Alan Lux ¶ 9, Ex. 1. | | |
| 4. | In 1999, Ironwood's club members approved an assessment of $25,500 per member ("Assessment"). | Decl. of Robert C. Manion ¶ 3; Decl. of Joshua Tanner ¶ 8. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 5. | The Assessment was to be repaid to a member when they subsequently sold their membership. | Decl. of Robert C. Manion ¶ 4; Decl. of Joshua Tanner ¶ 8. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 6. | Members sold their memberships by | Decl. of Robert C. | Disputed. Defendant lacks | Liberty fails to offer a |

4

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended Motion for Partial Summary Judgment*

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | placing them on a resale list. | Manion ¶ 4; Decl. of Joshua Tanner ¶ 8. | sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 7. | In addition to members selling their memberships, some members had forfeited their membership to the club rather than have it sold to an | Decl. of Robert C. Manion ¶ 4; Decl. of Joshua Tanner ¶ 8. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | incoming member. | | Parties have not conducted discovery other than their Rule 26(a) exchange. | Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 8. | The forfeited memberships became club property. | Decl. of Robert C. Manion ¶ 4; Decl. of Joshua Tanner ¶ 8. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for |

6

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 9. | The forfeited memberships that became club property were called Treasury memberships. | Decl. of Robert C. Manion ¶ 4; Decl. of Joshua Tanner ¶ 8. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. |

7

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | 56(e)(2); L.R. 56-3. |
| 10. | For several years prior to 2010, Ironwood had a business practice of selling these Treasury memberships to incoming new members. | Decl. of Robert C. Manion ¶ 4; Decl. of Joshua Tanner ¶ 8. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 11. | Ironwood would then repay the Assessment to the forfeiting | Decl. of Robert C. Manion ¶ 4; | Disputed. Defendant lacks sufficient | Liberty fails to offer a declaration or |

8

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended Motion for Partial Summary Judgment*

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | member when the Treasury sale occurred, which was usually years after the member forfeited it. | Decl. of Joshua Tanner ¶ 8. | information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 12. | For several years prior to 2010, Ironwood's Boards had been intermittently discussing the nature and terms of this business practice. | Decl. of Robert C. Manion ¶ 4; Decl. of Joshua Tanner ¶ 8. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, |

9

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended Motion for Partial Summary Judgment*

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | conducted discovery other than their Rule 26(a) exchange. | the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 13. | In 2010, the Board was discussing the nature and terms of Ironwood's business practice of repaying the Assessment to a forfeiting member when the Treasury membership was sold. | Decl. of Robert C. Manion ¶ 4; Decl. of Joshua Tanner ¶ 8. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this |

10

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 14. | In discussing whether or not to cease repaying the Assessment to forfeiting members, the Board consulted with many individuals, including Ironwood's counsel, Bryan Gerstel. | Decl. of Robert C. Manion ¶ 5; Decl. of Joshua Tanner ¶ 9. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. |

11

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | 56-3. |
| 15. | Prior to January 2012, the matter of changing Ironwood's business practice of repaying the Assessment to forfeiting members was never presented to the Board for a vote. | Decl. of Robert C. Manion ¶ 5; Decl. of Joshua Tanner ¶ 9. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 16. | Prior to January 2012, Ironwood was not aware of any fact or circumstance that | Decl. of Robert C. Manion ¶¶ 5 and 8-9; | Disputed. Defendant lacks sufficient information to form | Liberty fails to offer a declaration or other written |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | might give rise to a claim against Ironwood as a result of the Board considering making a change to Ironwood's practice of repaying the Assessment to forfeiting members. | Decl. of Joshua Tanner ¶¶ 9 and 12-13. | a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 17. | Prior to January 2012, the Board was not aware of any fact or circumstance that might give rise to a claim against the Board as a result of the Board considering making a change to Ironwood's | Decl. of Robert C. Manion ¶¶ 5 and 8-9; Decl. of Joshua Tanner ¶¶ 9 and 12-13. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court |

13

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
|  | practice of repaying the Assessment to forfeiting members. |  | other than their Rule 26(a) exchange. | should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 18. | On January 19, 2012, during a regularly-scheduled board meeting, the Board for the first time voted on whether to cease Ironwood's business practice of repaying the Assessment to forfeiting members. | Decl. of Robert C. Manion ¶ 6; Decl. of Joshua Tanner ¶ 10. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. The evidence cited by Ironwood does not support the fact | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. |

14

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | asserted that the vote held on January 19, 2012 was the first time the Board voted on the issue. *See* Liberty's Objections to Evidence Nos. 7-8. | Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 19. | The Board voted to stop that business practice immediately. | Decl. of Robert C. Manion ¶ 6; Decl. of Joshua Tanner ¶ 10. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 20. | On January 24, 2012, the Board's President sent a letter to Ironwood's members summarizing the decisions that were made during the January 19, 2012 Board meeting, including the vote to stop repaying the Assessment to forfeiting members. | Decl. of Robert C. Manion ¶ 7, Ex. 1; Decl. of Joshua Tanner ¶ 11, Ex. 3. | Undisputed. | |
| 21. | On May 7, 2012, William S. Cobb, Jr. sent a letter to Ironwood regarding the Board's January 19, 2012 vote to stop repaying the Assessment to | Decl. of Robert C. Manion ¶ 10, Ex. 2; Decl. of Joshua Tanner ¶ 14, Ex. 4. | Undisputed. | |

16

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended Motion for Partial Summary Judgment*

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | forfeiting members. | | | |
| 22. | Mr. Cobb's May 7, 2012 letter was the first claim of which Ironwood was aware regarding the January 19, 2012 vote to stop repaying the Assessment to forfeiting members. | Decl. of Robert C. Manion ¶ 10; Decl. of Joshua Tanner ¶ 14. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 23. | Ironwood forwarded Mr. Cobb's May 7, 2012 letter to its insurance broker, Mr. | Decl. of Joshua Tanner ¶ 15; Decl. of | Undisputed. | |

17

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | Lux. | Alan Lux ¶ 10. | | |
| 24. | On May 15, 2012, Mr. Lux caused Mr. Cobb's May 7, 2012 letter to be forwarded Liberty. | Decl. of Joshua Tanner ¶ 15; Decl. of Alan Lux ¶ 11. | Undisputed. | |
| 25. | On May 16, 2012, Liberty acknowledged receipt of Mr. Cobb's claim. | Decl. of Joshua Tanner ¶ 15; Decl. of Alan Lux ¶ 12, Ex. 2. | Undisputed. | |
| 26. | On August 21, 2012, Mr. Cobb filed a lawsuit against Ironwood regarding many of the same issues set forth in his May 7, 2012 demand letter. | Request for Judicial Notice ¶ 1, Ex. 1; Decl. of Joshua Tanner ¶ 16; Decl. of Alan Lux ¶ 16. | Undisputed. | |
| 27. | On or about September | Decl. of | Undisputed. | |

18

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended Motion for Partial Summary Judgment*

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | 13, 2012, Liberty informed Ironwood's insurance broker, Mr. Lux, that it would defend Ironwood in the Cobb matter. | Joshua Tanner ¶ 17; Decl. of Alan Lux ¶ 17. | | |
| 28. | Liberty requested copies of the bills that Ironwood had received for legal fees and costs in connection with the Cobb matter. | Decl. of Joshua Tanner ¶ 17; Decl. of Alan Lux ¶ 17. | Undisputed. | |
| 29. | On September 13, 2012, Ironwood's insurance broker, Mr. Lux, asked Mr. Tanner to send him all of Ironwood's invoices for legal fees and costs in connection with the Cobb claim. | Decl. of Joshua Tanner ¶ 17; Decl. of Alan Lux ¶ 18. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 30. | Mr. Lux did not tell Mr. Tanner to limit the scope of invoices to only those for legal fees that post-dated the May 15, 2012 notice to Liberty. | Decl. of Joshua Tanner ¶ 17; Decl. of Alan Lux ¶ 18. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | 56(e)(2); L.R. 56-3. |
| 31. | Mr. Tanner did not understand that Liberty was only asking for the invoices reflecting legal fees and costs incurred in defense of the Cobb claim. | Decl. of Joshua Tanner ¶ 19. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 32. | As a result, the invoices that Ironwood sent to its insurance | Decl. of Joshua Tanner ¶¶ | Undisputed. | |

21

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | broker, Mr. Lux, included invoices dating back to June 2011. | 19-20; Decl. of Bryan R. Gerstel ¶ 11. | | |
| 33. | On September 13, 2013, Mr. Lux forwarded to Liberty the invoices that he received from Ironwood, including invoices dating back to June 2011. | Decl. of Alan Lux ¶ 18, Ex. 5. | Undisputed. | |
| 34. | Mr. Lux did not review Ironwood's invoices before forwarding them to Liberty. | Decl. of Alan Lux ¶ 18. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for |

22

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended Motion for Partial Summary Judgment*

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 35. | Around the time that Liberty agreed to defend Ironwood, Liberty agreed to pay Ironwood's counsel, Mr. Gerstel, to defend Ironwood in the Cobb matter. | Decl. of Alan Lux ¶ 19; Ex. 6; Decl. of Bryan R. Gerstel ¶ 8. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. |

23

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended*
Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | 56(e)(2); L.R. 56-3. |
| 36. | On September 25, 2012, Mr. Gerstel sent a letter to Ms. Testaverde confirming that Liberty had agreed to pay his firm to defend Ironwood at the hourly rate of $275. | Decl. of Bryan R. Gerstel ¶ 9, Ex. 5. | Undisputed. | |
| 37. | On October 25, 2012, Liberty sent a letter to Ironwood confirming its agreement to defend Ironwood in the Cobb matter through Mr. Gerstel's firm. | Decl. of Joshua Tanner ¶ 27, Ex. 5; Decl. of Alan Lux ¶ 21, Ex. 8; Decl. of Bryan R. Gerstel ¶ 11. | Disputed. Liberty's correspondence of October 25, 2012, confirmed Liberty's agreement to defend Ironwood *subject to a reservation of rights* pending Liberty's investigation and Ironwood's response to Liberty's information request. | Liberty does <u>not</u> actually dispute the proffered fact. Instead, Liberty expands upon the fact by setting forth additional information purportedly contained in the October 25, 2012 letter.  As |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | Particularly, Liberty's rights were reserved pursuant to: Exclusion 4.3 - no coverage for any Claim based upon, arising out of or in any way related to any error, misstatement, misleading statement, act, or omission, neglect or breach of duty which has been reported or noticed under a prior policy; Exclusion 4.9 - no coverage for any Claim based | such, this fact should be deemed undisputed. |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | upon, arising out of or in any way related to any Insureds gaining in fact of any personal profit, remuneration or advantage not legally entitled; Section 5.2 - no coverage for any Loss in connection with any Claim for any actual or alleged liability of any Insured under any contract or agreement, express or implied, written or oral, except for employment-related obligations which | |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | would have attached absent such contract or agreement; Section 12. Other Insurance; and Question 6. [actually question 14], Prior Knowledge, of the insurance application. Liberty also reserved the right to void coverage pursuant to Sections 6.1 and 6.2 of the Policy.  See Pltf's Decl. Joshua Tanner ¶ 27, Ex. 5, page; Decl. of Alan Lux ¶ 21, Ex. 8; and Decl. of Bryan R. Gerstel ¶ 11. | |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| 38. | After Ironwood received the October 25, 2013 letter from Liberty, Mr. Gerstel learned that Ironwood's insurance broker, Mr. Lux, sent Liberty copies of the following invoices that Mr. Gerstel had previously issued to Ironwood: invoice dated June 30, 2011 (for work performed throughout June 2011), invoice dated September 6, 2011 (for work performed throughout July 2011 and August 2011), invoice dated October 13, 2011 (for work performed throughout September 2011), | Decl. of Bryan R. Gerstel ¶ 11; Decl. of Joshua Tanner ¶ 20. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | invoice dated December 8, 2011 (for work performed throughout November 2011), invoice dated March 5, 2012 (for work performed throughout February 2012), invoice dated April 3, 2012 (for work performed throughout March 2012), and invoice dated May 1, 2012 (for work performed throughout April 2012) (collectively the "Pre-Tender Invoices"). | | | |
| 39. | The Pre-Tender Invoices do not include any billing entries related to the defense of the Cobb claim. | Decl. of Bryan R. Gerstel ¶ 12; Decl. of Joshua Tanner ¶ 21. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the | Liberty fails to offer a declaration or other written evidence that contradicts the |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 40. | The Pre-Tender Invoices contain attorney-client communications describing work performed by Mr. Gerstel for Ironwood on various matters unrelated to the defense of the Cobb claim. | Decl. of Bryan R. Gerstel ¶ 12; Decl. of Joshua Tanner ¶ 21. | Disputed. This is a conclusion of law. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact |

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 41. | Mr. Gerstel and Ironwood have always kept the Pre-Tender Invoices and their contents confidential in the normal course of their attorney-client relationship. | Decl. of Bryan R. Gerstel ¶ 13; Decl. of Joshua Tanner ¶ 21. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; |

31

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 42. | The Pre-Tender Invoices were not provided to Liberty with any intention of waiving the attorney-client privilege. | Decl. of Joshua Tanner ¶ 21. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. This is also a conclusion of law. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 43. | Ironwood's General Manager and Chief | Decl. of Joshua | Disputed. Defendant lacks | Liberty fails to offer a |

32

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | Operating Officer, Mr. Tanner, does not have authority to waive any privileges, including the attorney-client privilege, on behalf of Ironwood. | Tanner ¶ 26; Decl. of Robert C. Manion, ¶ 12. | sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. This is also a conclusion of law. | declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 44. | Any such waiver would require authorization from Ironwood's Board. | Decl. of Joshua Tanner ¶ 26; Decl. of Robert C. Manion, ¶ 12. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | Parties have not conducted discovery other than their Rule 26(a) exchange. This is also a conclusion of law. | Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 45. | Mr. Tanner did not ask for authority from the Board to waive any privileges applicable to the Pre-Tender Invoices. | Decl. of Joshua Tanner ¶ 26; Decl. of Robert C. Manion, ¶ 12. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for |

34

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended*
Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 46. | Mr. Tanner did not obtain authority from the Board to waive any privileges applicable to the Pre-Tender Invoices. | Decl. of Joshua Tanner ¶ 26; Decl. of Robert C. Manion, ¶ 12. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. This is also a conclusion of law. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | 56(e)(2); L.R. 56-3. |
| 47. | The Pre-Tender Invoices were sent to Liberty without Mr. Gerstel's knowledge. | Decl. of Bryan R. Gerstel ¶ 13. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 48. | The Pre-Tender Invoices were sent to Liberty without Mr. | Decl. of Bryan R. Gerstel ¶ 13. | Disputed. Defendant lacks sufficient | Liberty fails to offer a declaration or |

36

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | Gerstel's authorization. | | information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 49. | If Mr. Gerstel had been asked to submit the Pre-Tender Invoices to Liberty, he would have refused to do so. | Decl. of Bryan R. Gerstel ¶¶ 13-14. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | conducted discovery other than their Rule 26(a) exchange. This is also a conclusion of law. | the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 50. | In addition to the Pre-Tender Invoices, Mr. Lux, sent Liberty copies of the following the following invoices that Mr. Gerstel had previously issued to Ironwood: invoice dated June 4, 2012 (for work performed throughout May 2012), invoice dated July 2, 2012 (for work | Decl. of Bryan R. Gerstel ¶ 16; Decl. of Joshua Tanner ¶ 23. | Undisputed. | |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | performed throughout June 2012), invoice dated August 10, 2012 (for work performed throughout July 2012), and invoice dated September 1, 2012 (for work performed throughout July 2012) (collectively the "Post-Tender Invoices"). | | | |
| 51. | Of the invoices that Mr. Lux sent to Liberty, the Post-Tender Invoices are the only invoices that include billing entries related to the defense of the Cobb claim. | Decl. of Bryan R. Gerstel ¶ 16; Decl. of Joshua Tanner ¶ 23. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. This is also a conclusion of law. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 52. | Of the invoices that Mr. Lux sent to Liberty, the Post-Tender Invoices are the only invoices that should have been submitted in response to Liberty's request for invoices related to the Cobb matter. | Decl. of Joshua Tanner ¶ 25. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. This is also a conclusion of law. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. |

40

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | 56-3. |
| 53. | In addition to the Pre-Tender Invoices and Post-Tender Invoices, Mr. Lux also sent Liberty copies of the following invoices that the Lavely & Singer firm had previously issued to Ironwood: invoice dated June 30, 2012 (for work performed throughout June 2012) and invoice dated July 31, 2012 (for work performed throughout July 2012) (collectively "Lavely & Singer Invoices"). | Decl. of Bryan R. Gerstel ¶ 17; Decl. of Joshua Tanner ¶ 24. | Undisputed. | |
| 54. | Ironwood did not retain the Lavely & Singer firm to assist Mr. Gerstel with the defense of the Cobb | Decl. of Bryan R. Gerstel ¶ 17; Decl. of Joshua | Disputed. Defendant lacks sufficient information to form a belief as to the | Liberty fails to offer a declaration or other written evidence that |

41

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | claim. | Tanner ¶ 24. | truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange.  . | contradicts the proffered fact. Accordingly, the Court should deem the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 55. | The Lavely & Singer Invoices do not include any billing entries related to the defense of the Cobb claim. | Decl. of Bryan R. Gerstel ¶ 17; Decl. of Joshua Tanner ¶ 24. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem |

42

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | 26(a) exchange. | the fact undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 56. | Beginning on or about December 10, 2012, Ironwood has made several written requests that Liberty return the bills that pre-date the May 15, 2012 notice to Liberty. | Decl. of Joshua Tanner ¶ 22; Decl. of Bryan R. Gerstel ¶ 15; Decl. of John J. McLeod ¶¶ 3, 4, 7, 8, 12 & 15, Exs. 1, 2, 5, 6, 10 & 13. | Undisputed. | |
| 57. | Beginning on or about December 10, 2012, | Decl. of Joshua | Undisputed. | |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | Ironwood has made several written requests that Liberty destroy any copies that have been made of the bills that pre-date the May 15, 2012 notice to Liberty. | Tanner ¶ 22; Decl. of Bryan R. Gerstel ¶ 15; Decl. of John J. McLeod ¶¶ 3, 4, 7, 8, 12 & 15, Exs. 1, 2, 5, 6, 10 & 13. | | |
| 58. | From December 10, 2012 to the present, Liberty has not returned any bills to Ironwood. | Decl. of Joshua Tanner ¶ 22; Decl. of Bryan R. Gerstel ¶ 15; Decl. of John J. McLeod ¶¶ 3, 4, 7, 8, 12 & 15, Exs. 1, 2, 5, 6, 10 & 13. | Undisputed. | |

44

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended Motion for Partial Summary Judgment*

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| 59. | From December 10, 2012 to the present, Liberty has not agreed to destroy copies of any of the bills. | Decl. of Joshua Tanner ¶ 22; Decl. of Bryan R. Gerstel ¶ 15; Decl. of John J. McLeod ¶¶ 3, 4, 7, 8, 12 & 15, Exs. 1, 2, 5, 6, 10 & 13. | Undisputed. | |
| 60. | On or about February 21, 2013, Ironwood paid its defense counsel, Mr. Gerstel, $10,000.00 to satisfy the $10,000.00 retention under the Liberty Policy. | Decl. of Joshua Tanner ¶ 28, Ex. 6; Decl. of Bryan R. Gerstel ¶ 22, Ex. 11. | Disputed. Defendant lacks sufficient information to form a belief as to the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty fails to offer a declaration or other written evidence that contradicts the proffered fact. Accordingly, the Court should deem the fact |

45

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | This is also a conclusion of law. | undisputed for purposes of this motion. Standing Order, p. 5, ll. 19-22; Fed R. Civ. P. 56(e)(2); L.R. 56-3. |
| 61. | On February 26, 2013, Liberty informed Ironwood that it was denying coverage in connection with the Cobb matter. | Decl. of Bryan R. Gerstel ¶ 23; Decl. of John J. McLeod ¶ 9, Ex. 7. | Undisputed. Liberty's correspondence of February 26, 2013, not only denied coverage but also reserved its right to rescind the Policy. See McLeod ¶ 9, Ex. 7, page 4. | |
| 62. | In May 2012, Ironwood's counsel spent 12 hours assisting Ironwood in defense of the Cobb claim. | Decl. of Bryan R. Gerstel ¶ 4, Ex. 1. | Undisputed that the invoice reflects 12 hours was billed. Defendant lacks sufficient | Liberty's claim that it lacks sufficient information to form a belief of the truth or |

46

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | information to form a belief of the truth or falsity as to the remainder of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | falsity as to the remainder of the asserted fact is not well taken, as the subject invoice is attached as Exhibit 1 to the Decl. of Bryan Gerstel filed concurrently with Ironwood's motion.  As such, the entirety of this fact should be deemed undisputed. |
| 63. | In June 2012, Ironwood's counsel spent 7 hours assisting Ironwood in defense of the Cobb claim. | Decl. of Bryan R. Gerstel ¶ 5, Ex. 2. | Undisputed that the invoice reflects 7 hours was billed.  Defendant lacks | Liberty's claim that it lacks sufficient information to form a belief of |

47

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | sufficient information to form a belief of the truth or falsity as to the remainder of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | the truth or falsity as to the remainder of the asserted fact is not well taken, as the subject invoice is attached as Exhibit 2 to the Decl. of Bryan Gerstel filed concurrently with Ironwood's motion.  As such, the entirety of this fact should be deemed undisputed. |
| 64. | In July 2012, Ironwood's counsel spent 19.25 hours assisting Ironwood in | Decl. of Bryan R. Gerstel ¶¶ 6-7, Exs. 3 & | Undisputed that the invoice reflects 19.25 hours was billed. | Liberty's claim that it lacks sufficient information to |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | defense of the Cobb claim. | 4. | Defendant lacks sufficient information to form a belief of the truth or falsity of the remainder of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | form a belief of the truth or falsity as to the remainder of the asserted fact is not well taken, as the subject invoices are attached as Exhibits 3 and 4 to the Decl. of Bryan Gerstel filed concurrently with Ironwood's motion. As such, the entirety of this fact should be deemed undisputed. |
| 65. | In August 2012 and September 2012, the | Decl. of Bryan R. | Undisputed that the invoice | Liberty's claim that it lacks |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
|  | defense fees and costs incurred through Mr. Gerstel's firm totaled $4,853.75 after subtracting $137.50 for one billing entry that pre-dated the May 15, 2012 notice to Liberty. | Gerstel ¶ 10, Ex. 6. | totaled $4,853.75 after subtracting $137.50. Defendant lacks sufficient information to form a belief as to the truth or falsity of the remainder of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | sufficient information to form a belief of the truth or falsity as to the remainder of the asserted fact is not well taken, as the subject invoice is attached as Exhibit 6 to the Decl. of Bryan Gerstel filed concurrently with Ironwood's motion.  As such, the entirety of this fact should be deemed undisputed. |
| 66. | In October 2012, the | Decl. of | Undisputed that the | Liberty's claim |

50

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | defense fees and costs incurred through Mr. Gerstel's firm totaled $5,036.96. | Bryan R. Gerstel ¶ 18, Ex. 7. | invoice totaled $5,036.96. Defendant lacks sufficient information to form a belief of the truth or falsity of the remainder of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | that it lacks sufficient information to form a belief of the truth or falsity as to the remainder of the asserted fact is not well taken, as the subject invoice is attached as Exhibit 7 to the Decl. of Bryan Gerstel filed concurrently with Ironwood's motion. As such, the entirety of this fact should be deemed undisputed. |

51

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| 67. | In November 2012, the defense fees and costs incurred through Mr. Gerstel's firm totaled $5,752.44. | Decl. of Bryan R. Gerstel ¶ 19, Ex. 8. | Undisputed that the invoice totaled $5,752.44. Defendant lacks sufficient information to form a belief of the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty's claim that it lacks sufficient information to form a belief of the truth or falsity as to the remainder of the asserted fact is not well taken, as the subject invoice is attached as Exhibit 8 to the Decl. of Bryan Gerstel filed concurrently with Ironwood's motion.  As such, the entirety of this fact should be deemed |

52

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | undisputed. |
| 68. | In December 2012, the defense fees and costs incurred through Mr. Gerstel's firm totaled $2,147.53. | Decl. of Bryan R. Gerstel ¶ 20, Ex. 9. | Undisputed that the invoice totaled $2,147.53. Defendant lacks sufficient information to form a belief of the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty's claim that it lacks sufficient information to form a belief of the truth or falsity as to the remainder of the asserted fact is not well taken, as the subject invoice is attached as Exhibit 9 to the Decl. of Bryan Gerstel filed concurrently with Ironwood's motion.  As such, the entirety of this fact should be |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | deemed undisputed. |
| 69. | In January 2013, the defense fees and costs incurred through Mr. Gerstel's firm totaled $17,389.50. | Decl. of Bryan R. Gerstel ¶ 21, Ex. 10. | Undisputed that the invoice totaled $17,389.50. Defendant lacks sufficient information to form a belief of the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty's claim that it lacks sufficient information to form a belief of the truth or falsity as to the remainder of the asserted fact is not well taken, as the subject invoice is attached as Exhibit 10 to the Decl. of Bryan Gerstel filed concurrently with Ironwood's motion.  As such, the |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | entirety of this fact should be deemed undisputed. |
| 70. | In February 2013, the defense fees and costs incurred through Mr. Gerstel's firm totaled $20,870.43 after subtracting $357.50 for four billing entries that post-dated February 26, 2013. | Decl. of Bryan R. Gerstel ¶ 24, Ex. 12. | Undisputed that the invoice totaled $4,853.75 after subtracting $137.50. Defendant lacks sufficient information to form a belief of the truth or falsity of the asserted fact as the Parties have not conducted discovery other than their Rule 26(a) exchange. | Liberty's claim that it lacks sufficient information to form a belief of the truth or falsity as to the remainder of the asserted fact is not well taken, as the subject invoice is attached as Exhibit 12 to the Decl. of Bryan Gerstel filed concurrently with Ironwood's |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | motion.  As such, the entirety of this fact should be deemed undisputed. |
| 71. | Using the $275 hourly rate that Liberty agreed to pay for Ironwood's defense, the amount of defense fees and costs unpaid by Liberty from May 15, 2012 through February 26, 2013 totals $56,569.36 after subtracting the $10,000 retention payment made by Ironwood. | Decl. of Bryan R. Gerstel ¶ 27, Exs. 1-4 & 6-12. | Undisputed. Defendant lacks sufficient information to form a belief regarding the purpose of the payment of $10,000 by Ironwood as the Parties have not conducted discovery other than their Rule 26(a) exchange | Liberty's claim that it lacks sufficient information to form a belief of the truth or falsity as to the remainder of the asserted fact is not well taken, as information need to verify this fact is attached as Exhibits 1-4 and 6-12 to the Decl. of Bryan |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
| | | | | Gerstel filed concurrently with Ironwood's motion. As such, the entirety of this fact should be deemed undisputed. |
| 72. | Beginning on or about January 29, 2013, Ironwood has made several written requests that Liberty pay Ironwood any unpaid defense fees and costs incurred after the date of notice to Liberty. | Decl. of John J. McLeod ¶¶ 6, 7, 10 & 12, Exs. 4, 5, 8 & 10. | Undisputed. | |
| 73. | To date, Liberty has not paid any money to Ironwood in connection with the Cobb matter. | Decl. of Joshua Tanner ¶ 29; Decl. of Bryan R. | Undisputed. | |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Pl.'s SUF No. | Fact | Supporting Evidence | Liberty's Response | Ironwood's Response |
|---|---|---|---|---|
|  |  | Gerstel ¶ 27. |  |  |

Ironwood respectfully submits the following response to Liberty's additional material facts and supporting evidence. Facts 1 to 15 below correspond to the additional material facts and supporting evidence presented in the statement of genuine issues filed by Liberty in support of its opposition to Ironwood's *amended* motion for partial summary judgment.

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| 1. | On or about October 5, 2011, Liberty received from Ironwood an "Application for Nonprofit Executive Advantage Policy," dated October 5, 2011, and signed by the Chief Operating Officer, which had the answer "No" marked in response to Question 14. | Declaration of Seon Choi, ¶ 3, Ex. A. | Undisputed that Liberty received the Application from Ironwood on or about October 5, 2011. Whether or not Ironwood provided a "no" response to Question No. 14 is <u>not</u> a material fact for purposes of this motion. |

58

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | | | Even if Ironwood responded "no" to Question No. 14, Ironwood is still entitled to an order in its favor on the three discrete issues that are the subject of this motion. |
| 2. | Question 14 of the Application for Nonprofit Executive Advantage Policy asks: **Does anyone for whom insurance is sought have any knowledge or information of any act, error, omission, fact, or circumstances which may give rise to a Claim which may fall within the scope of the proposed insurance?** | Declaration of Seon Choi, ¶ 3, Ex. A. | Undisputed that the Application contains Question 14. The content of the Application, including without limitation what is asked in Question 14, speaks for itself. As set forth in |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | | | Ironwood's objections to evidence filed concurrently herewith, Ironwood objects to Liberty's attempt to summarize the contents of the Application as being inadmissible hearsay and prohibited by the best evidence rule. |
| 3. | By letter dated October 25, 2012, Liberty reserved its rights, in part, pursuant to:<br>• Question 6. [actually question 14], Prior Knowledge, of the insurance application and Sections 6.1 and 6.2 of the | Decl. Joshua Tanner ¶ 27, Ex. 5, pages 6-7 ; Decl. of Alan Lux ¶ 21, Ex. 8, pages 10-11, as referenced in Pltf's SUF, No. 37. | Undisputed that Liberty sent a letter to Ironwood dated October 25, 2012.  The content of said |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | Policy; and <br> • Liberty also reserved its rights to void coverage pursuant to Sections 6.1 and 6.2 of the Policy. | | letter speaks for itself.  As set forth in Ironwood's objections to evidence filed concurrently herewith, Ironwood objects to Liberty's attempt to summarize the contents of the letter as being inadmissible hearsay and prohibited by the best evidence rule. |
| 4. | Section 6 of the Policy, Application Representations and Severability, states: <br> **6.1**  The Insureds represent that the statements and | Decl. of Joshua Tanner ¶ 7, Ex. 2; Decl. of Alan Lux ¶ 9, Ex. 1, as referenced in Pltf's | Undisputed that the Policy contains a Section 6.  The content of the |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended Motion for Partial Summary Judgment*

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | representations contained in the Application are true and shall be deemed material to the acceptance of the risk or the hazard assumed by the Insured under this Policy. This Policy is issued in reliance upon the truth of such statements and representations.<br><br>6.2  The Insureds agree that if the Application contains any statements or representations that are untrue, this Policy shall be void as to the Insured Organization and any Insured Person who knew the facts that were not truthfully disclosed, provided that such knowledge shall not be imputed to any other Insured Person. | SUF, No. 3. | Policy, including without limitation what is set forth in Section 6, speaks for itself.  As set forth in Ironwood's objections to evidence filed concurrently herewith, Ironwood objects to Liberty's attempt to summarize the contents of the Policy as being inadmissible hearsay and prohibited by the best evidence rule. |
| 5. | Liberty's October 25, 2012 | Decl. Joshua Tanner | Undisputed that |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | correspondence further noted that the Application further provided that: IT IS UNDERSTOOD AND AGREED THAT IF ANYONE FOR WHOM THIS INSURANCE IS SOUGHT HAS ANY KNOWLEDGE OF ANY SUCH ACT, ERROR, OMISSION, FACT OR CIRCUMSTANCE, ANY CLAIM EMANATING THEREFROM SHALL BE EXCLUDED FROM COVERAGE UNDER THE PROPOSED INSURANCE. | ¶ 27, Ex. 5, pages 6-7 ; Decl. of Alan Lux ¶ 21, Ex. 8, pages 10-11, as referenced in Pltf's SUF, No. 37. | Liberty sent a letter to Ironwood dated October 25, 2012.  The content of said letter speaks for itself.  As set forth in Ironwood's objections to evidence filed concurrently herewith, Ironwood objects to Liberty's attempt to summarize the contents of the letter as being inadmissible hearsay and prohibited by the best evidence |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | | | rule. |
| 6. | Liberty's October 25, 2012, correspondence further noted that the invoices that Ironwood submitted to Liberty for payment for services rendered by Ironwood's counsel in connection with the Cobb Claim contained entries that demonstrated the basis for a coverage defense based on Ironwood's "prior knowledge." | Decl. Joshua Tanner ¶ 27, Ex. 5, pages 6-7 ; Decl. of Alan Lux ¶ 21, Ex. 8, pages 10-11, as referenced in Pltf's SUF, No. 37. | Undisputed that Liberty sent a letter to Ironwood dated October 25, 2012.  The content of said letter speaks for itself.  As set forth in Ironwood's objections to evidence filed concurrently herewith, Ironwood objects to Liberty's attempt to summarize the contents of the letter as being inadmissible hearsay and |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | | | prohibited by the best evidence rule. |
| 7. | Liberty's October 25, 2012, correspondence specifically noted that Gerstel's invoice dated October 13, 2011, contained an entry: "Review and analyze legal issues and facts re: Assessment, Mistake of Fact and Law issues, Estoppel, Class action issues and Liability; Declaratory Relief issues and Liability; Insurance issues re potential claims and coverage; Transferability of assessment rights; Contractual liability for assessment payments by forfeiting members; potential for present member claims; analysis of statues, case law Club documentation re: issues; prepare Memo to Board of Directors on these issues." | Decl. Joshua Tanner ¶ 27, Ex. 5, pages 6-7 ; Decl. of Alan Lux ¶ 21, Ex. 8, pages 10-11, as referenced in Pltf's SUF, No. 37. | Undisputed that Liberty sent a letter to Ironwood dated October 25, 2012. The content of said letter speaks for itself. As set forth in Ironwood's objections to evidence filed concurrently herewith, Ironwood objects to Liberty's attempt to summarize the contents of the letter as being |

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | | | inadmissible hearsay and prohibited by the best evidence rule.  In addition, Ironwood objects to Liberty's attempt to quote information that is subject to the attorney-client privilege. |
| 8. | Liberty's October 25, 2012, correspondence specifically noted that Gerstel's invoice dated September 6, 2011, contained the following entry: "telecom Tanner re additional information on Insurance and sales of memberships." | Decl. Joshua Tanner ¶ 27, Ex. 5, pages 6-7 ; Decl. of Alan Lux ¶ 21, Ex. 8, pages 10-11, as referenced in Pltf's SUF, No. 37. | Undisputed that Liberty sent a letter to Ironwood dated October 25, 2012.  The content of said letter speaks for itself.  As set forth in Ironwood's objections to |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | | | evidence filed concurrently herewith, Ironwood objects to Liberty's attempt to summarize the contents of the letter as being inadmissible hearsay and prohibited by the best evidence rule.  In addition, Ironwood objects to Liberty's attempt to quote information that is subject to the attorney-client privilege. |
| 9. | Liberty's October 25, 2012, correspondence requested the Memo that Gerstel drafted to | Decl. Joshua Tanner ¶ 27, Ex. 5, pages 6-7 ; Decl. of Alan | Undisputed that Liberty sent a letter to |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | Ironwood with respect to the issues outlined in the September 6, 2011, entry. | Lux ¶ 21, Ex. 8, pages 10-11, as referenced in Pltf's SUF, No. 37. | Ironwood dated October 25, 2012.  The content of said letter speaks for itself.  As set forth in Ironwood's objections to evidence filed concurrently herewith, Ironwood objects to Liberty's attempt to summarize the contents of the letter as being inadmissible hearsay and prohibited by the best evidence rule. |
| 10. | Liberty's October 25, 2012, | Decl. Joshua Tanner | Undisputed that |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended Motion for Partial Summary Judgment*

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | correspondence requested a detailed explanation for the analysis outlined in the October 13, 2011, entry. | ¶ 27, Ex. 5, pages 6-7 ; Decl. of Alan Lux ¶ 21, Ex. 8, pages 10-11, as referenced in Pltf's SUF, No. 37. | Liberty sent a letter to Ironwood dated October 25, 2012.  The content of said letter speaks for itself.  As set forth in Ironwood's objections to evidence filed concurrently herewith, Ironwood objects to Liberty's attempt to summarize the contents of the letter as being inadmissible hearsay and prohibited by the best evidence |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | | | rule. |
| 11. | By letter dated February 26, 2013, Liberty advised Ironwood that, following further investigation, it was supplementing its prior coverage letters to deny coverage for the Claim. | Decl. of John J. McLeod ¶ 9, Ex. 7 as referenced in Pltf's SUF, No. 61. | Undisputed that Liberty sent a letter to Ironwood dated February 26, 2013.  The content of said letter speaks for itself.  As set forth in Ironwood's objections to evidence filed concurrently herewith, Ironwood objects to Liberty's attempt to summarize the contents of the letter as being inadmissible hearsay and |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | | | prohibited by the best evidence rule. |
| 12. | Liberty's February 26, 2013, correspondence referred back to Liberty's October 25, 2012, reservation of rights letter and explained that no coverage was unavailable based upon the Insured's response of "NO" to question 14 of the Application and Sections 6.1 and 6.2 of the Policy and the entries contained in the October 13, 2011, invoice. | Decl. of John J. McLeod ¶ 9, Ex. 7, as referenced in Pltf's SUF, No. 61. | Undisputed that Liberty sent a letter to Ironwood dated February 26, 2013.  The content of said letter speaks for itself.  As set forth in Ironwood's objections to evidence filed concurrently herewith, Ironwood objects to Liberty's attempt to summarize the contents of the letter as being |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | | | inadmissible hearsay and prohibited by the best evidence rule. |
| 13. | Liberty's February 26, 2013, correspondence stated that Ironwood's response to question 14 was false based upon Gerstel's invoice entries and that the Insured was aware as early as July and August of 2011 of facts and circumstances which might give rise to Claim by Mr. Cobb and/or other members. | Decl. of John J. McLeod ¶ 9, Ex. 7 as referenced in Pltf's SUF, No. 61. | Undisputed that Liberty sent a letter to Ironwood dated February 26, 2013. The content of said letter speaks for itself. As set forth in Ironwood's objections to evidence filed concurrently herewith, Ironwood objects to Liberty's attempt to summarize the |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | | | contents of the letter as being inadmissible hearsay and prohibited by the best evidence rule. |
| 14. | Liberty's February 26, 2013, correspondence confirmed Ironwood's refusal of Liberty's offer to enter into a confidentiality agreement so to provide the requested information regarding the entries in question and copy of the Memo, and advised that such refusal confirmed that Ironwood and its Board were aware of the facts and circumstances (prior to the completing the Application) that gave rise to the Cobb Complaint. | Decl. of John J. McLeod ¶ 9, Ex. 7 as referenced in Pltf's SUF, No. 61. | Undisputed that Liberty sent a letter to Ironwood dated February 26, 2013. The content of said letter speaks for itself. As set forth in Ironwood's objections to evidence filed concurrently herewith, Ironwood objects to Liberty's |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | | | attempt to summarize the contents of the letter as being inadmissible hearsay and prohibited by the best evidence rule. |
| 15. | Liberty's February 26, 2013, correspondence also specifically reserved the right to rescind the Policy. | Decl. of John J. McLeod, ¶ 9, Ex. 7, pages 2 – 4, as referenced in Pltf's SUF, No. 61. | Undisputed that Liberty sent a letter to Ironwood dated February 26, 2013.  The content of said letter speaks for itself.  As set forth in Ironwood's objections to evidence filed concurrently |

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment

| Def.'s SUF No. | Fact | Supporting Evidence | Ironwood's Response |
|---|---|---|---|
| | | | herewith, Ironwood objects to Liberty's attempt to summarize the contents of the letter as being inadmissible hearsay and prohibited by the best evidence rule. |

DATED: February 10, 2014          McLEOD LAW GROUP, A.P.C.


By:___/s/ Paul C. Hirst_____
      John J. McLeod
      Paul C. Hirst
       Attorneys for Plaintiff, Ironwood Country Club

Response to Defendant's Statement of Genuine Issues ISO Ironwood's *Amended* Motion for Partial Summary Judgment