John J. McLeod, Esq., State Bar No. 174169
john@mcleodlawgroup.com
Paul C. Hirst, Esq., State Bar No. 234460
pchirst@mcleodlawgroup.com
McLEOD LAW GROUP, A.P.C.
701 B Street, Suite 1570
San Diego, California 92101
Telephone: (619) 236-9938
Facsimile: (619) 236-9943

Attorneys for Plaintiff,
IRONWOOD COUNTRY CLUB

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| IRONWOOD COUNTRY CLUB,<br><br>    Plaintiff,<br>v.<br><br>LIBERTY INSURANCE UNDERWRITERS, INC. and DOES 1 through 100,<br><br>    Defendants. | CASE NO. 13-00996-VAP (DTBx)<br><br>**OBJECTIONS TO EVIDENCE PRESENTED BY DEFENDANT IN ITS OPPOSITION TO PLAINTIFF'S *AMENDED* MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date: February 24, 2014<br>Hearing Time: 2:00 p.m.<br>Courtroom: Hon. Virginia A. Phillips<br><br>Date Complaint Filed: May 1, 2013<br>Trial Date: August 5, 2014<br><br>Filed concurrently with:<br>1. *Reply;* and<br>2. *Response to Statement of Genuine Issues.* |

Ironwood Country Club ("Ironwood") hereby objects to the following evidence presented by defendant Liberty Insurance Underwriters, Inc. ("Liberty") in connection with its opposition to Ironwood's *amended* motion for partial summary judgment. Unless otherwise defined herein, the capitalized terms are as defined in Ironwood's *amended* motion for partial summary judgment.

## I.   OBJECTIONS TO LIBERTY'S STATEMENT OF GENUINE ISSUES

Liberty's statement of genuine issues filed in support of its opposition included 15 additional facts at pages 19 through 23 ("DSUF, Nos. 1 to 15"). Ironwood objects to Liberty's additional facts as follows:

### A.   DSUF, No. 2

Grounds for objection: Hearsay (Fed. R. Evid. 802); Best Evidence Rule (Fed. R. Evid. 1002).

Liberty's attempt to summarize the contents of the Application constitutes inadmissible hearsay and is prohibited by the best evidence rule.

### B.   DSUF, No. 3

Grounds for objection: Hearsay (Fed. R. Evid. 802); Best Evidence Rule (Fed. R. Evid. 1002).

Liberty's attempt to summarize the contents of the October 25, 2012 letter constitutes inadmissible hearsay and is prohibited by the best evidence rule.

### C.   DSUF, No. 4

Grounds for objection: Hearsay (Fed. R. Evid. 802); Best Evidence Rule (Fed. R. Evid. 1002).

Liberty's attempt to summarize the contents of the Policy constitutes inadmissible hearsay and is prohibited by the best evidence rule.

### D.   DSUF, No. 5

Grounds for objection: Hearsay (Fed. R. Evid. 802); Best Evidence Rule (Fed. R. Evid. 1002).

Liberty's attempt to summarize the contents of the October 25, 2012 letter constitutes inadmissible hearsay and is prohibited by the best evidence rule.

### E. DSUF, No. 6

Grounds for objection: Hearsay (Fed. R. Evid. 802); Best Evidence Rule (Fed. R. Evid. 1002).

Liberty's attempt to summarize the contents of the October 25, 2012 letter constitutes inadmissible hearsay and is prohibited by the best evidence rule.

### E. DSUF, No. 7

Grounds for objection: Hearsay (Fed. R. Evid. 802); Best Evidence Rule (Fed. R. Evid. 1002); Attorney-Client Privilege (Cal. Evid. Code, § 954).

Liberty's attempt to summarize the contents of the October 25, 2012 letter constitutes inadmissible hearsay and is prohibited by the best evidence rule. In addition, Liberty improperly attempts to quote information that is subject to the attorney-client privilege.

### F. DSUF, No. 8

Grounds for objection: Hearsay (Fed. R. Evid. 802); Best Evidence Rule (Fed. R. Evid. 1002); Attorney-Client Privilege (Cal. Evid. Code, § 954).

Liberty's attempt to summarize the contents of the October 25, 2012 letter constitutes inadmissible hearsay and is prohibited by the best evidence rule. In addition, Liberty improperly attempts to quote information that is subject to the attorney-client privilege.

### G. DSUF, No. 9

Grounds for objection: Hearsay (Fed. R. Evid. 802); Best Evidence Rule (Fed. R. Evid. 1002).

Liberty's attempt to summarize the contents of the October 25, 2012 letter constitutes inadmissible hearsay and is prohibited by the best evidence rule.

///

**H.  DSUF, No. 10**

Grounds for objection: Hearsay (Fed. R. Evid. 802); Best Evidence Rule (Fed. R. Evid. 1002).

Liberty's attempt to summarize the contents of the October 25, 2012 letter constitutes inadmissible hearsay and is prohibited by the best evidence rule.

**I.  DSUF, No. 11**

Grounds for objection: Hearsay (Fed. R. Evid. 802); Best Evidence Rule (Fed. R. Evid. 1002).

Liberty's attempt to summarize the contents of the February 26, 2013 letter constitutes inadmissible hearsay and is prohibited by the best evidence rule.

**J.  DSUF, No. 12**

Grounds for objection: Hearsay (Fed. R. Evid. 802); Best Evidence Rule (Fed. R. Evid. 1002).

Liberty's attempt to summarize the contents of the February 26, 2013 letter constitutes inadmissible hearsay and is prohibited by the best evidence rule.

**K.  DSUF, No. 13**

Grounds for objection: Hearsay (Fed. R. Evid. 802); Best Evidence Rule (Fed. R. Evid. 1002).

Liberty's attempt to summarize the contents of the February 26, 2013 letter constitutes inadmissible hearsay.

**L.  DSUF, No. 14**

Grounds for objection: Hearsay (Fed. R. Evid. 802); Best Evidence Rule (Fed. R. Evid. 1002).

Liberty's attempt to summarize the contents of the February 26, 2013 letter constitutes inadmissible hearsay.

**M.  DSUF, No. 15**

Grounds for objection: Hearsay (Fed. R. Evid. 802); Best Evidence Rule (Fed. R.

Evid. 1002).

Liberty's attempt to summarize the contents of the February 26, 2013 letter constitutes inadmissible hearsay.

## II. OBJECTIONS TO LIBERTY'S OPPOSITION

In an effort to end-run the attorney-client privilege applicable to the Pre-Tender Invoices, Liberty's opposition resorts to inadmissible hearsay by quoting portions of its own self-serving letters that purport to quote the very billing entries in dispute (i.e., the billing entries that Ironwood contends are privileged). Ironwood objects to and moves to strike the following portions of Liberty's opposition:

### A. Opposition, p. 5, ll. 8-9

Grounds for objection: Hearsay (Fed. R. Evid. 802); Attorney-Client Privilege (Cal. Evid. Code, § 954).

Liberty's attempt to quote portions of its October 25, 2012 letter, which, in turn, purports to quote portions of billing entries contained in the Pre-Tender Invoices, which are subject to the attorney-client privilege, constitutes inadmissible hearsay.

### B. Opposition, p. 5, ll. 12-15 and p. 6, ll. 1-2

Grounds for objection: Hearsay (Fed. R. Evid. 802); Attorney-Client Privilege (Cal. Evid. Code, § 954).

Liberty's attempt to quote portions of its October 25, 2012 letter, which, in turn, purports to quote portions of billing entries contained in the Pre-Tender Invoices, which are subject to the attorney-client privilege, constitutes inadmissible hearsay.

### C. Opposition, p. 17, ll. 2-7

Grounds for objection: Hearsay (Fed. R. Evid. 802); Attorney-Client Privilege (Cal. Evid. Code, § 954).

Liberty's attempt to quote portions of its October 25, 2012 letter, which, in turn, purports to quote portions of billing entries contained in the Pre-Tender Invoices, which are subject to the attorney-client privilege, constitutes inadmissible hearsay.

### III. OBJECTIONS TO DECLARTION OF JEFFREY S. WHITTINGTON

Ironwood objects to the following portions of the declaration of Jeffrey S. Whittington ("Whittington Decl.") filed in support of Liberty's opposition:

#### A. Whittington Decl., p. 2, ll. 13-19 (paragraph 3)

Grounds for objection: Hearsay (Fed. R. Evid. 802); Improper Opinion Testimony (Fed. R. Evid. 701).

This paragraph of the Whittington Decl., which begins with the statement, "[o]n December 20, 2013, I advised…," constitutes inadmissible hearsay. In addition, there is not a single fact set forth in this paragraph of the Whittington, Decl. Instead, it contains nothing more than inadmissible argument and opinion.

#### B. Whittington Decl., p. 3, ll. 1-2 (paragraph 4)

Grounds for objection: Lack of Foundation.

This portion of the Whittington Decl. is inaccurate, as it misstates that Ironwood did not respond to his December 20, 2013 email. The truth of the matter is that Ironwood responded via email on December 23, 2013. See Exhibit 26 to McLeod Decl. (Document No. 35-7, p. 133). Liberty's effort to mislead the Court should be rejected.

#### C. Whittington Decl., p. 4, ll. 11-20 and p. 6, l. 1 (paragraph 6)

Grounds for objection: Hearsay (Fed. R. Evid. 802); Improper Opinion Testimony (Fed. R. Evid. 701)

Mr. Whittington's recitation of legal authority constitutes inadmissible hearsay. In addition, there is not a single fact set forth in this paragraph of the Whittington, Decl. Instead, it contains nothing more than inadmissible argument and opinion.

#### D. Whittington Decl., p. 3, ll. 2-11 (paragraph 7)

Grounds for objection: Improper Opinion Testimony (Fed. R. Evid. 701)

This paragraph of the Whittington Decl. does not include facts. Instead, it contains inadmissible argument and opinion.

## IV. CONCLUSION

For all the foregoing reasons, Ironwood will respectfully request the Court at the hearing on the instant motion (or as part of its ruling thereon) to sustain the above objections and strike the evidence referred to above.

DATED: February 10, 2014         McLEOD LAW GROUP, A.P.C.


By:   /s/ Paul C. Hirst
     John J. McLeod, Esq.
     Paul C. Hirst, Esq.
     Attorneys for Plaintiff, Ironwood Country Club