1 | Jeffrey S. Whittington, Esq./SBN 236028
Email: jwhittington@KBRlaw.com
2 | Miriam Gregory, Esq./SBN 281083
Email: mgregory@KBRlaw.com
3 | KAUFMAN BORGEEST & RYAN LLP
23975 Park Sorrento, Suite 370
4 | Calabasas, CA 91302
Telephone: (818) 880-0992
5 | Facsimile: (818) 880-0993

6

Attorneys for Defendant,
Liberty Insurance Underwriters, Inc.
7

8 | UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

9

| IRONWOOD COUNTRY CLUB, | ) Case No. 5:13-CV-00996-VAP (DTB) |
| Plaintiffs, | ) |
| vs. | ) **DECLARATION OF JEFFREY** |
| | ) **WHITTINGTON REGARDING** |
| LIBERTY INSURANCE | ) **FILING OF DEFENDANT'S** |
| UNDERWRITERS, INC. and DOES | ) **OPPOSITION TO PLAINTIFF'S** |
| 1 through 100, | ) **MOTION FOR PARTIAL SUMMARY** |
| Defendants. | ) **JUDGMENT** |
| | ) |
| | ) **HEARING DATE:** February 24, 2014 |
| | ) **HEARING TIME:** 2:00 pm |
| | ) **COURTROOM:** 2 |

---

1
DECLARATION OF JEFFREY WHITTINGTON REGARDING DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

2495765

# DECLARATION OF JEFFREY WHITTINGTON

1. I am a partner employed with the law firm of Kaufman Borgeest & Ryan LLP and counsel of record for defendant, Liberty Insurance Underwriters, Inc. ("Liberty") in this matter. I have personal knowledge of the matters set forth herein and if called upon to testify under oath, I could and would competently do so.

2. On February 3, 2014, I instructed my assistant, Jesica Isaac, to format and file the following documents with the Central District of California via the Court's CM/ECF system:

   a) Defendant's Points and Authorities in Opposition to Plaintiff's Motion for Partial Summary Judgment;
   b) Evidentiary Objections to Ironwood's Motion for Partial Summary Judgment;
   c) Defendant's Statement of Genuine Disputes and Statement of Undisputed Facts;
   d) Declaration of Jeffrey S. Whittington;
   e) Declaration of Seon Choi; and
   f) Defendant's [Proposed] Order Regarding Plaintiff's Motion for Partial Summary Judgment.

3. Ms. Isaac and I discussed the Court's Local Rule requiring that filings be done by 4 p.m.; as such, she requested that she receive the above-referenced documents a few hours beforehand to complete the filing process. I complied with this request and got the documents to her several hours before the deadline.

4. After sending them to her, Ms. Isaac informed me that the formatting had become corrupted, and that the normally quick process for creating a Table of

2
DECLARATION OF JEFFREY WHITTINGTON REGARDING DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

2495765

1  Contents and Table of Authorities was no longer possible. Specifically, instead of
2  being able to use the Microsoft Word tools available for creation of these Tables,
3  Ms. Isaac was required to manually create each entry. The documents were filed at
4  5:59 p.m.

5  5.     Despite working diligently to complete the formatting, Ms. Isaac informed
6  me that the filing would not be completed before the Court's 4 p.m. deadline. I
7  instructed Ms. Isaac to forward the un-formatted documents to me so that I could
8  send them to Ironwood's counsel. I received the above documents, which I
9  forwarded to Ironwood's Counsel via email; this transmittal took place at
10 approximately 4:06 p.m. *See Exhibit "A"*.

11 6.     Other than the referenced formatting issues, the documents sent to
12 Ironwood's counsel were substantively *identical* to the documents filed via
13 CM/ECF approximately two (2) hours later. *Id.*

14 7.     In Ironwood's Reply Brief, counsel for Ironwood leads with the argument
15 that Liberty has continued its "practice" of filing documents after the 4 p.m.
16 deadline. *See Ironwood Reply Brief (Doc. No. 37), p. 1, lines 1-4, fn. 1.* This is
17 absolutely untrue since a "practice" requires intent. As demonstrated herein and by
18 the Declaration of Jesica Isaac filed in conjunction herewith, there was certainly no
19 intent for the within filing to be late; in fact, the demonstrated intent was the exact
20

opposite.[1]

8. Moreover, given the likely purpose of the 4 p.m. filing deadline – to prevent "midnight" filings – the undersigned forwarded the briefing in its entirety to counsel for Ironwood at or about 4 p.m. specifically to ensure that Ironwood _would not be prejudiced_. Indeed, the only thing missing from the documents forwarded to Ironwood's counsel was the formatted Table of Contents and Table of Authorities.

9. Local Rule 7-13, Sanctions for Late Filing, sets forth as follows:

> A party filing any document in support of, or in opposition to, any motion noticed for hearing as above provided after the time for filing the same shall have expired, also shall be subject to the sanctions of L.R. 83-7 and the F.R.Civ.P.

10. Local Rule 83-7, Sanctions - Violation of Rule, states that:

> The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to:
> (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or

---

[1] It is more than ironic that Ironwood's counsel feels the need to point out the late filing (despite the lack of prejudice) when their own filing is in violation of the Court's Standing Order:

> Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages. Only in rare instances, and for good cause shown, will the Court agree to extend these page limitations.

As Docket No. 37 confirms, Ironwood's Reply brief was _nineteen (19) pages long_, nearly 60% longer than the Standing Order permits, which is decidedly prejudicial to Liberty. Ironwood never requested leave for longer briefing, nor did it make any of the requisite showing that the over-long briefing was a "rare instance" or that "good cause" required a page extension. If Liberty had simply decided to do the same thing with its Opposition briefing, i.e., go over the page limit by 60%, it's Opposition would have been nearly forty (40) pages!

4
DECLARATION OF JEFFREY WHITTINGTON REGARDING DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

2495765

reckless;

(b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or

(c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.

11. As set forth in the within Declaration as well as the Declaration of Jesica Isaac, none of the conduct could remotely be described as "willful, grossly negligent, or reckless" under L.R. 83-7(a), or in "bad faith" or demonstrating "willful disobedience of a court order" under L.R. 83-7(b). To the contrary, every effort was made to comply with the 4 p.m. deadline; when it became apparent that compliance was not going to be possible, I forwarded the Opposition briefing to Ironwood's counsel to avoid any possible prejudice.

12. With the foregoing in mind, the undersigned apologizes for the transgression and will continue to make every effort to comply with the Court's rules.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. This declaration was executed on February 12, 2014, in Calabasas, California.

By: /s/ Jeffrey Whittington
JEFFREY WHITTINGTON

## PROOF OF SERVICE

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION
### CASE NAME: Ironwood v. Liberty Insurance

I declare as follows:

I am employed in the County of Los Angeles, California. I am over the age of 18 years, and not a party to the within action; my business address is 23975 Park Sorrento, Suite 370, Calabasas, California 91302. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

On February 12, 2014, I served a true and correct copy, with all exhibits, of the following document(s) described as follows:

**DECLARATION OF JEFFREY WHITTINGTON REGARDING FILING OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

[ ]   On the interested parties in the within action by placing the above documents in the United States mail for Express Mail delivery at 23975 Park Sorrento, Suite 370, Calabasas, California 91302 in a sealed envelope, with Express Mail postage thereon fully prepaid; by depositing copies of the above documents in a box or other facility regularly maintained by Federal Express, with delivery fees paid by the sender's account. (Code of Civil Procedure § 1013(c).) *(Overnight Delivery Service)*

[ ]   On the interested parties in the within action by faxing a true and correct copy of the above documents to the facsimile number listed below. *(Fax Service)*

[x]   via service through the CM/ECF system. *(eService)*

John J. McLeod, Esq.
Paul C. Hirst, Esq.
McLEOD LAW GROUP, APC
701 B. Street, Suite 1570
San Diego, California 92101
john@mcleodlawgroup.com
pchirst@mcleodlawgroup.com

I certify under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on February 12, 2014 at Calabasas, California.

By: ___/s/ Amy Stark___         By: ___Amy Stark___
   Signature of Declarant              Name of Declarant

---

6
**DECLARATION OF JEFFREY WHITTINGTON REGARDING DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

2495765